## JONES v. BROWN ET AL.

1. **Arbitrator:** JUDICIAL ACTS: CIVIL LIABILITY FOR. The acts of arbitrators, though irregularly done, in all matters to which their jurisdiction. extends are performed in a judicial capacity, and an arbitrator cannot be held liable in a civil action for damages for an award alleged to have been made by him fraudulently and corruptly.

2. ———: ILLEGAL AWARD: DAMAGES. An action for damages cannot be maintained against arbitrators for the filing of an award after the order submitting the case to them has been superseded, and in contempt of a writ of injunction served upon them, such award being ineffectual for any purpose.

*Appeal from Superior Court of Cedar Rapids.*

WEDNESDAY, JUNE 16.

THE defendants N. B. Brown and William Harper, having certain differences, selected O. C. T. Jones, the plaintiff herein, one U. S. Taylor and J. H. Camburn as arbitrators, to settle said differences, make an award and report the same for judgment thereon, to the Linn District Court. The defendants Brown and Harper, as principals, and the other defendants as sureties, entered into a bond in the penal sum of $1,000, by which they bound themselves to pay to said arbitrators, as compensation for their services, the sum of ten dollars each

per day, at the conclusion of said arbitration, and when said arbitrators should be ready to submit their award to said court, "or sooner if through any means said arbitration should be terminated." But payment in no case was to be delayed beyond March 1, 1879.

This action was brought upon said bond. Plaintiff avers that between the 17th of December, 1878, and April 1, 1879, he rendered services as such arbitrator for the period of twenty-four days, and in October, 1879, the said arbitrators submitted and filed in the said District Court their award in writing, and that defendants are indebted to him in the sum of $240 for said services, for which he asks judgment.

The defendant N. B. Brown answered the petition, and also set up counter-claims or cross-demands in two divisions; in the first of which he claimed of the plaintiff $500 damages. The substance of this claim was that, during the time said arbitration was pending before said plaintiff and the other arbitrators, the said plaintiff and said Camburn conspired together corruptly to wrong and defraud said Brown, in the matter of making, signing and filing said award. The fraudulent and corrupt acts charged were that said arbitrators made an award of $41,000 in favor of said Harper, and against said Brown, before the evidence was all submitted to them, and without giving said Brown time or opportunity to do so, and after an adjournment had been had to meet again, and complete the taking of the evidence; that no meeting was had, and no further evidence received, and that the plaintiff and said Camburn corruptly, disregarding the rights of Brown, made said award without the knowledge of Brown, and without the concurrence of Taylor, the other arbitrator, and without a regular or legal meeting as a board of arbitration, and that said acts were fraudulently and corruptly done, in order to aid said Harper to obtain an illegal and unfair award; that, by reason of said wrongful acts of plaintiff and said Camburn, the District Court re-committed said matters of

arbitration to said arbitrators, that they might hear the same anew.

In the second counter-claim it was averred that an appeal was taken from said order of re-submission, and said order was superseded, and the said arbitrators by the proper writ were commanded to proceed no further with the matter of said award; that the said arbitrators willfully, corruptly and fraudulently, disregarding the commands of said writ, proceeded to act, and without hearing said matter of arbitration anew filed another award finding that said Brown was indebted to said Harper in the said sum of $41,000; that said second award was made in the absence of said Brown, and without affording him an opportunity to properly present his testimony, or be legally heard; that he procured a writ of injunction to be served upon said arbitrators, commanding them to refrain from further proceeding in said matter, and that said arbitrators disregarded the same, and corruptly and fraudulently proceeded to make, sign, and file the last mentioned award.

It was averred that by reason of said corrupt and fraudulent acts the said Brown was put to great expense, trouble and loss of time, in all to his damage in the sum of one thousand dollars, for which he prayed judgment.

There was a demurrer to the answer, and also to the counter-claims. The demurrer so far as it applied to the answer was overruled, and as applied to the counter-claims it was sustained. The defendant excepted and appeals.

*Rickel, West* and *Eastman,* for appellant.

*Mills & Keeler,* for appellee.

ROTHROCK, J.—I. The demurrer having been overruled as to the answer in defense of the plaintiff's action, and sustained 1. ARBITRA-TORS : judicial acts : civil liability for. as to the counter-claims, the questions presented are to be considered in the same light as though the defendant was plaintiff in an action seeking

to recover damages of Jones, one of the arbitrators, for the alleged corrupt and fraudulent acts set forth in the counter-claims. It will be observed that the defendant first claims damages for the alleged corrupt acts and practices of which the plaintiff was guilty during the hearing before the arbitrators, and up to the filing of the award in the District Court. One of the grounds of the demurrer is that the arbitrators were acting as a court, and in a judicial capacity, in hearing and determining the matters of difference between Brown and Harper, and that, having jurisdiction of the subject matter and of the persons interested in the investigation, they cannot be held civilly liable even though it be alleged that they acted fraudulently and corruptly. To this question counsel have mainly directed their arguments.

Before proceeding to a disposition of the main question one or two considerations of minor importance demand attention. Counsel for appellant insists as the arbitrators adjourned, and without again meeting made up their award, they acted in a mere ministerial capacity, and not as a court, nor as judicial officers. This position does not appear to us to be correct. The arbitrators, in determining the time and manner of making and filing their award, acted in the same capacity that they did in determining what their award should contain. As well might it be claimed that a judge acts in a mere ministerial capacity in reducing an opinion to writing, and thus hold him liable civilly upon the ground that such act was not judicial.

It does not seem to be seriously contended that arbitrators of matters of difference between parties do not act in a judicial capacity. That they are in a certain sense a court cannot be questioned. They are empowered to determine questions of law and fact; in short, to adjudicate all questions presented to them by the parties, and to determine the rights of the parties. The fact that their award may be subject to review by the court to which it is required to be returned does not divest them of judicial functions.

Having determined these preliminary questions, we come to the main question in the case. It is this: Can the plaintiff be held liable in a civil action for damages for an award alleged to have been made by him fraudulently and corruptly? Perhaps no branch of the law has undergone more thorough discussion than the question as to the liability of judges to civil actions for their judicial acts. The cases which treat of the subject are so numerous, both in England and in this country, that it is impracticable to more than refer to them generally. In the case of *Yates v. Lansing*, 5 Johns., 28, there is an elaborate review of the authorities upon the subject. In a note to *Burland v. Parsons*, 25 American Reports, 694, we have the substance of a large number of cases, English and American. See also *Bradley v. Fisher*, 13 Wallace, 335; and in the late case of *Lange v. Benedict*, 73 New York, 12, very many authorities are reviewed and commented upon. By these authorities it is settled beyond all controversy that a judge of any court, whether of limited or general jurisdiction, is not liable in a civil action for acts done in his judicial capacity, and within his jurisdiction, even though it be alleged that the acts complained of were done maliciously and corruptly. In *Pratt v. Grordner*, 2 Cushing, 68, Chief Justice SHAW said: "It is a principle lying at the foundation of all well-ordered jurisprudence, that every judge, whether of a higher or lower court, exercising the jurisdiction vested in him by law, and deciding upon the rights of others, should act upon his own free, unbiased convictions, uninfluenced by any apprehension of consequences," etc.

In some of the cases, as in *Bradley v. Fisher*, 13 Wallace, 335, it is held that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly; and a distinction is made between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter

In other cases it is held that judges of courts of limited jurisdiction are liable to civil actions for their acts done in excess of their jurisdiction. It is unnecessary, however, that we should discuss these distinctions in considering the question presented by the first counter-claim in the case at bar, because it is apparent that the arbitrators had jurisdiction both of the subject matter and of the persons of the parties interested, and no act set forth in said counter-claim was in excess of their jurisdiction. Jurisdiction is defined to be " the authority of law to act officially in the matter then in hand." Cooley on Torts, 417. That the arbitrators in this case had jurisdiction to do all that is alleged they did in the counter-claim under consideration is apparent; that is, they had jurisdiction to hear, try and determine and make an award. That they did not act in excess of their jurisdiction is also apparent. Orders or judgments in excess of jurisdiction are such as the judge has no power to make, as where a judge having jurisdiction of a criminal offense inflicts a penalty in excess of that provided by law, or the like. The arbitrators in this case had power to make an award. The means employed by them, and the manner in which the proceedings before them were conducted, may have been irregular, but were not in excess of their jurisdiction.

Counsel for appellant rely upon *Gowing v. Gowgill*, 12 Iowa, 495, as holding that a justice of the peace is liable for acts done in a judicial capacity through fraud, favor or partiality. That was an action against a justice of the peace for fraudulently hearing and determining a case at 10 o'clock in the forenoon upon an original notice which required an appearance at 1 o'clock P. M. The opinion, without any decision as to the question of whether the justice acted without jurisdiction, concludes that he was liable for his fraudulent and corrupt acts. The decision might well have placed the liability upon what all the cases concede to be proper ground, and that is, a clear absence of jurisdiction. The original notice was returnable at one o'clock in the afternoon, and until that time

the justice had no jurisdiction of the parties. Whatever may be said of the reasons given for that opinion, it does not seem to have been regarded in the subsequent decisions of this court as holding that when a judge of a court has jurisdiction he is liable in a civil action for his judicial acts. *Wasson v. Mitchell*, 18 Iowa, 153, and *Londegan v. Hammer*, 30 Iowa, 155.

II.   As to the second counter-claim.   It appears that the arbitrators, after the cause was recommitted to them, and after the order of recommittal was superseded upon appeal, of which they had notice, and after service

2. ——: illegal award: damages.

upon them of a writ of injunction, filed another award, the same as the first; that this second award was, under these circumstances, ineffectual, as to Brown or any one else, seems apparent.   What became of it does not appear.   That it was promptly set aside and held for naught must be presumed. It was filed in contempt of the injunction, and in defiance of the supersedeas, and could harm or injure no one.   Under these circumstances, an action for filing the second award cannot be maintained.

In conclusion, it is proper to say that we have not thought it necessary to discuss the grounds upon which it is held that a judicial officer is exempt from civil liability for his judicial acts.   The reasons are fully and elaborately set forth in the authorities herein cited, and a reproduction of them here would serve no useful purpose.

AFFIRMED.