## BEVER v. BROWN ET AL.

1. **Arbitrator:** MISCONDUCT OF. While an arbitrator is protected from civil liability for his acts, the fact that his willful misconduct rendered the award invalid and unavailing to the parties may be shown by them to defeat a recovery in an action to recover for his services as such arbitrator.

*Appeal from the Superior Court of Cedar Rapids.*

THURSDAY, OCTOBER 5.

ON the 19th day of February, 1880, O. C. L. Jones commenced this action against Wm. Harper, Amos Harper, N. B. Brown and Harry T. Brown, upon a bond executed by William Harper and N. B. Brown, as principals, and Amos Harper and Harry T. Brown, as sureties, to O. C. L. Jones, W. S. Taylor and J. H. Camburn, conditioned for the payment to them of their fees as arbitrators, in an arbitration pending between N. B. Brown and Wm. Harper, to be estimated at the rate of ten dollars per day each, and paid when the said Taylor, Camburn and Jones shall be ready to submit their finding to the Linn District Court, but in no case to be delayed beyond the 1st day of March, 1879. The plaintiff alleged that he performed services as such arbitrator for

twenty-four days, and that the ultimate time limited in the bond for payment has long since elapsed. The plaintiff prays judgment for two hundred and forty dollars, and interest.

On the 19th day of March, 1880, the defendants N. B. Brown and Harry T. Brown answered admitting the execution and delivery of the bond set out by plaintiff, the appointment of said persons as arbitrators, and that plaintiff acted as one of the same for the time stated and at the price named. Defendants further answering allege that during the time said arbitration was pending said plaintiff and said J. H. Camburn combined and conspired together corruptly to wrong and defraud defendant, N. B. Brown, in making and filing said award; that plaintiff and said J. H. Camburn, in pursuance of such design and conspiracy, after a legal adjournment of said board of arbitration had been made, and before either party to said arbitration had submitted the same to said board, and before plaintiff had time or opportunity to fully present his testimony, and without any legal meeting of said board of arbitration, plaintiff and said J. H. Camburn corruptly made and caused to be filed in the District Court of Linn county a final report and award of arbitration, finding therein that said Brown was indebted to Wm. Harper in the sum of $41,000, falsely reporting therein that they had heard said matter of arbitration fully, and falsely and corruptly pretending that said matter of arbitration had been regularly heard and submitted, and that it was a just and correct finding of the matters submitted to them in the articles of submission, and falsely and corruptly pretending that said report was final, and covered all matters submitted to them by said articles, and that said cause had been closed by the respective parties, all of which was false, and well known by said parties to be false; that it was well known to said plaintiff and said Camburn, at the time said report and award were made, that the evidence had not been closed, and that defendants' attorneys had had no time or opportunity to argue or present said cause, and that the pleadings and evi-

dence were in such a shape that no intelligent opinion could be formed as to the real merits of the matters submitted to them as arbitrators; but said plaintiff and said Camburn, disregarding the rights of defendant N. B. Brown, and their duties in the premises, corruptly and fraudulently made said report and award as stated, and without the knowledge or consent of defendant N. B. Brown, and in the absence of the other arbitrator, W. S. Taylor, and without his concurrence or consent, and without a legal or regular meeting.

That by reason of such illegal acts and wrongs, committed by plaintiff and said Camburn, said matter of award was by order of the District Court of Linn county, Iowa, re-submitted to said arbitrators at the October term, 1879, and it was ordered by said court that the same be heard anew.

That in consequence of said wrongful and illegal acts, and the order of said court made by reason thereof, the finding of said arbitrators was of no value and was void, and the services of said plaintiff were useless and of no effect by reason thereof.

That by reason thereof, plaintiff should not be allowed to recover in this action for said services.

On the 4th day of October the death of the plaintiff was suggested, and J. L. Bever, his administrator, was substituted as plaintiff. The death of the defendant, N. B. Brown, was also suggested, and Susan Brown, his administratrix, was substituted as a party defendant. The defendants, Susan Brown and H. T. Brown, pending the trial, filed an amendment to the answer alleging that by the terms of submission the award was to be valid if legally made and signed by two arbitrators. Afterward the defendants Susan Brown and H. T. Brown filed a second amendment to their answer alleging that the whole matter of said award was filed and settled by O. C. L. Jones and said Camburn after said persons had legally adjourned as a board of arbitrators, and before again assembling in pursuance of such adjournment, and at a time when they had no legal right, authority or jurisdiction to act,

and in the absence of all parties in interest and their attorneys, and without the knowledge or consent of said N. B. Brown, and before either party had submitted their respective claims or had submitted or argued their respective causes before said arbitrators; that said Jones and Camburn made said award in the absence of W. S. Taylor, the other arbitrator, and without affording him an opportunity to take part in the same or to be present when the same was made and signed; that said Jones and Camburn delegated their duties connected with the making and filing of said award to persons wholly unauthorized by the terms of submission to act in the premises, and that said Jones signed the same without any personal knowledge of its correctness; that the final award made and signed by said Jones and Camburn and Taylor was made and signed in violation of an injunction duly served on Jones and Camburn, issued by the Linn District Court in an action wherein N. B. Brown was plaintiff, and Wm. Harper, J. H. Camburn, O. C. L. Jones, and others were defendants. The court rejected all the testimony offered by the defendants, and instructed the jury to return a verdict for the plaintiff. The defendants appeal.

*Rickel, West & Eastman,* for appellants.

*Mills & Keeler,* for appellee.

DAY, J. When this case was before us on a former appeal it was held that a demurrer to a counter claim for damages, alleging the same facts as those now relied upon as a defense, was properly sustained. See *Jones v. Brown,* 54 Iowa, 74. It was held that the arbitrators acted in a judicial capacity, and could not be held liable in a civil action for damages for an award, although alleged to have been made fraudulently and corruptly. It is but a corollary of this decision that the claim of the arbitrators for compensation for their services cannot be recouped by damages to the extent of the claim, for making a fraudulent and

1. ARBITRATOR: misconduct of.

corrupt award. But we have now involved in this case a different question. The answer alleges, that because of the wrongful and illegal acts of the arbitrators the award by them made was by order of the court re-submitted and the finding of the arbitrators was void and of no value, and the services of the plaintiff were useless and of no effect. The answer does not seek to recoup the plaintiff's claim with damages, but alleges a want of consideration growing out of the fact that the services of the plaintiff, owing to his misconduct, were useless and of no value. We have now the question whether the rule of judicial immunity which protects an arbitrator from liability for damages for a fraudulent and corrupt award goes also to the extent of inhibiting all proof that the award was valueless on account of the corrupt and willful misconduct of the arbitrator, for the purpose of defeating the arbitrator's claim for compensation for his services. In this case the arbitrators made an agreement with the parties to the suit for compensation at the rate of ten dollars per day. Now whilst the arbitrators did not contract for the possession of perfect judgment, and did not undertake to make an award which should be sustained by the court, there was, we think, an implied undertaking that they would not by their corrupt and fraudulent practices render their award valueless to the parties. We think that the rule of judicial immunity goes far enough when it protects the arbitrators from an action for damages, without allowing them compensation for an act rendered useless by their willful misconduct. This seems to have been the view originally entertained by the court below, for whilst it sustained a demurrer to the counter claim for damages, it overruled a demurrer to the answer which set up the same facts as a defense to the plaintiff's claim. When the case came on for hearing, however, the court rejected all evidence offered by the defendants and instructed the jury to return a verdict for the plaintiff for the amount claimed. The defendant offered amongst other things to prove that Jones delegated to a third party,

not one of the arbitrators, his duties as arbitrator, and that said person, together with J. H. Camburn, made up and prepared said award, and that said person had no right or authority from N. B. Brown or any one acting for him; that Jones and Camburn knowingly allowed, in making up said award, large amounts upon which no proof had been offered, and large amounts upon which proof had only been partially submitted, when they well knew that N. B. Brown and William Harper desired to introduce further proof in relation to the same, and before the same had been submitted by either party to said arbitrators; that some days before the making of the award said arbitrators had adjourned the hearing to a time and place fixed, whereof notice was given to all parties interested, and that several days before said time arrived Jones and Camburn proceeded, in the absence of all parties interested, and in the absence of W. S. Taylor, one of the arbitrators, and without notice to him, and without consent of parties, to make and sign an award, and retained said award, and refused to make the same known or public, or to file the same, until the 7th of April, 1879; that at the time the award was signed by Camburn and Jones the time limited for making and filing an award had expired; that Jones did not know what it contained; that he did not know whether it contained any of the credits that should be allowed to Brown; that he did not know but what double the amount that Harper was entitled to was allowed in the award. The defendants also offered to prove that the award was recommitted. This proof should have been admitted for the purpose of showing that the award was rendered unavailing to the parties, through misconduct of the arbitrators.

REVERSED.