92   23
91   740

## PARMELIA J. OLIVER, Appellant, v. RILEY, SIMMONS & COMPANY.

1 **Jurisdiction.** That, pending suit to subject land to a judgment,
2 such judgment becomes satisfied, is matter of defense and does not deprive of jurisdiction to render decree subjecting the land.

**Fraudulent Judgment: New Trial.** An application, within a year, to set such a decree aside, which alleges that after the judg-
3 ment was satisfied the suit was taken no further notice of by defendant,. while it does not allege the greatest degree of care, yet charges such a fraud as that the application should be granted.

*Appeal from Clarke District Court.*—HON. H. M. TOWNER, Judge.

### TUESDAY, OCTOBER 9, 1894.

PROCEEDING to vacate a decree and sale of real estate thereunder, and for a new trial. A demurrer to the petition was sustained, and judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Reversed.*

*John Chaney* for appellant.

No appearance for appellee.

ROBINSON, J.—The facts admitted by the demurrer are substantially as follows: The husband of plaintiff indorsed and transferred to the defendants a promissory note. It was not paid at maturity, and judgment was obtained thereon in the district court of Clarke county in favor of defendants and against the husband as indorser. When the judgment was rendered, the plaintiff was the owner of a forty acre tract of land, situated

in the county named. After the judgment was obtained, the defendants commenced in the district court of the county an action in equity to subject the land to the payment of the judgment, alleging in their petition that the judgment was unpaid, and that before it was rendered the husband had conveyed the land in question to the plaintiff without consideration, for the purpose of defrauding his creditors, and that the conveyance was, for that reason, void. In November, 1887, the plain-. tiff and her husband filed answers to the petition, in which they denied all allegations therein made, excepting that in regard to the ownership of the judgment. In December, 1887, one of the makers of the note settled the judgment rendered thereon, obtained a release therefrom, and caused a final satisfaction thereof to be duly entered of record. The plaintiff learned that the judgment had been settled and satisfied of record, and supposing that the proceedings against her to subject the land to the payment of the judgment were at an end, gave no further attention to them. The case remained on the docket, however, until December, 1889, when the defendants procured a decree subjecting the land to the payment of the judgment. In October, 1890, they caused the land to be sold under an execution issued on the judgment, and now hold the sheriff's certificate of purchase thereof. The plaintiff asks that the sale be declared void, the decree set aside, for a new trial, and for general equitable relief. The grounds of demurrer are: *First*. That the objections now urged to the decree should have been pleaded before it was rendered, and will not afford the basis for relief in a collateral attack upon it; *second*, that the petition does not show the discovery, subsequent to the decree, of evidence which would have been material in this case, nor in the one in which the decree was rendered; *third*, that the petition does not show facts which entitle the plaintiff to any relief; *fourth*, that the petition shows

that the land was subjected to the payment of the judgment, and the conveyance to her set aside as having been made without consideration, thus showing that the plaintiff has no right to question the existence or validity of the judgment to the payment of which the land was subjected. The demurrer was sustained as to all the grounds stated.

I. The appellant alleges in her petition and contends in argument that the decree in controversy was illegal and void for the reason that the judgment it was designed to satisfy had been fully paid, and, therefore, that the court had no jurisdiction to act in the cause in equity when the decree was rendered. The case of *Manufacturing Co. v. Beyer*, 74 Wis. 210, 42 N. W. Rep. 232, is relied upon as supporting the claim made. In that case it appears that an action to foreclose certain certificates of tax sale of land was commenced. While it was pending, money was sent to the attorney of the defendant to redeem the land from the tax sale and pay the costs. The attorney paid to the clerk of the county the money to redeem the land, and obtained a certificate of redemption, but did not pay the costs. The plaintiff in the foreclosure suit received the money without demanding the costs, but both parties to the suit supposed it was ended. The attorney for the defendant, however, with the intent to defraud both parties, filed an amended answer. Further proceedings were had, and the court found the plaintiff was entitled to judgment for the costs and disbursements of the action, and to a lien on the land therefor, and rendered a decree in accordance with that conclusion. The supreme court of Wisconsin held that by accepting the money required to redeem the land without demanding the costs of suit the plaintiff lost his right to recover them, that the trial court had no jurisdiction to render judgment for them, and that the judgment rendered was void for that reason. It

may be important to notice that the trial court found, among other facts, that, after the action was brought, the defendant had redeemed the certificates, thus making it appear of record that under the law of Wisconsin, where the case arose, the defendant had ceased to be liable for costs, and that the plaintiff was not entitled to judgment for them. No doubt that fact should be considered in connection with what the court says in regard to the want of jurisdiction to render the judgment, although the conclusion of the court is not, in terms, made to depend upon the fact that it was apparent of record that the defendant owed nothing for which the plaintiff was entitled to judgment.

2        We can not assent to the doctrine claimed for the case, that where a party to an action is in fact not entitled to relief, a judgment rendered in his favor is void for want of jurisdiction, even though the record shows that he is entitled to it. Jurisdiction has been defined to be "the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them. The question is, whether, on the case before a court, their action is judicial or extrajudicial, with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction what shall be adjudged or decreed between the parties, and that which is the right of the case is judicial action, by hearing and determining it." *Rhode Island v. Massachusetts*, 12 Pet. 718. In *United States v. Arredondo*, 6 Pet. 709, the same court said: "The power to hear and determine a cause is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action. If the petitioner states such a case in his petition that on a demurrer the court would render judgment in his favor, it is an undoubted case of jurisdiction. Whether,

on an answer denying and putting in issue the allegations of the petition, the petitioner makes out his case, is the exercise of jurisdiction conferred by the filing of a petition containing all the requisites, and in the manner prescribed by law." See, also, *Jones v. Brown*, 54 Iowa, 79, 6 N. W. Rep. 140; Freem. Judgm., section 118; 12 Am. and Eng. Encyclopedia of Law, 244, and cases therein cited. In the action in equity the court acquired jurisdiction of the parties, and the petition, if its averments were true, showed that the petitioners were entitled to relief which the court had the power by law to grant. The averments of the petition were denied by the answers. The court, then, had jurisdiction of the parties and of the subject-matter of the action, and the power to adjudicate the issues presented by the pleadings. That the judgment in aid of which the action was brought had been satisfied was a fact of vital importance to the defendants in the action, but the satisfying of the judgment did not deprive the court of the power to determine the case in equity according to the rules which govern such cases; and it was required to base its decision upon the issues presented by the pleadings, and the evidence offered for and against them, and it could not be influenced, nor its powers to decide the case affected, by any event which was not shown, however much it might bear upon the merits of the case.

II. Section 3154 of the Code authorizes the district court in which a judgment has been rendered to vacate or modify it "for fraud practiced by the successful party in obtaining the judgment," on proper application made within one year after the judgment was rendered. The petition does not, in terms, charge that defendants were guilty of fraud in obtaining the decree in question, but the facts alleged necessarily show that a fraud in law was perpetrated to obtain it. The judgment on account of

which the decree was obtained had been fully paid, and it is distinctly averred in the petition that the decree was taken for the payment of the judgment a second time, after it had once been satisfied of record. The plaintiff does not show the highest degree of care to prevent the decree, but when the judgment was satisfied it became the duty of the defendants not to proceed further with their action in equity, and there is nothing in the case, as submitted to us, which tends to justify or excuse them for taking the decree. It is admitted that the plaintiff is the owner of the land; and that should not be taken for the payment of a judgment which has once been fully satisfied. We, therefore, conclude that the demurrer should have been overruled. The judgment of the district court is REVERSED.