## Donohue's Appeal. Greenough Street.

*Road law—Jurisdiction of Quarter Sessions.*

The acts of June 8, 1881, P. L. 68 and of May 23, 1874, P. L. 235, confer upon the courts of quarter sessions exclusive jurisdiction to appoint juries of view to assess damages and benefits caused by the narrowing of streets, alleys or highways within the county limits.

Argued Jan. 17, 1895. Appeal, No. 115, July T., 1894, by John Donohue, from decree of quarter sessions of Phila. Co., dismissing his petition and setting aside the award of the jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition of John Donohue praying for damages for the narrowing of Greenough street. Before Brégy, J.

By an ordinance passed by city councils July 2, 1890, in which Greenough street, in the Twenty-second ward, was reduced in width from fifty to thirty feet, taking ten feet off of each side, the appellant's house was placed ten feet back of the street line. A jury appointed by the court of quarter sessions awarded him $700 damages, which they assessed as benefits upon adjoining property owners. Exceptions filed by these property owners were, (1) that the court had no jurisdiction of the case, (2) that there was no law authorizing the court of quarter sessions to appoint a jury of view for such a purpose. The court sustained the exceptions, set aside the report and dismissed the proceedings.

*Assignments of error* were, the action of the court in sustaining the exceptions, and dismissing the petition.

*Thos. R. Elcock,* for appellants, cited : Act of June 15, 1836, Bright. Purd. Dig. p. 1501 ; act of April 21, 1846, Bright. Purd. Dig. p. 1502, sec. 40 ; act of April 21, 1858, Bright. Purd. Dig. p. 1518 ; act of June 8, 1881, Bright. City Dig. p. 28 ; act of May 23, 1874, sec. 13 ; act of June 13, 1836, Bright. Purd. Dig. p. 1501, sec. 33 ; Madison and Harmony School House Road, 37 Pa. 417 ; Swanson Street, 163 Pa. 326 ; Henry Street, 123 Pa. 346 ; act of 1854 ; act of May 6, 1887, Bright. City Dig. p. 404.

*John Dolan,* for appellee.

OPINION BY MR. JUSTICE DEAN, July 18, 1895 :

About fifteen years prior to this proceeding, Joseph F. Greenough, who owned the land, laid out and dedicated to public use, Greenough street, in the Twenty-first ward of the city of Philadelphia. The width of the street was fifty feet; upon it, Donohue, the appellant, erected a three story brick dwelling, eighteen feet front, also put up the usual back buildings. On the 2d of July, 1890, the city councils, by ordinance, authorized the narrowing of the street to a width of thirty feet, by striking off ten feet from each side. This action of councils was at the instance of appellee and others of these exceptants, who filed a bond conditioned for the payment of all damages resulting from the change of the street line. As Donohue had built on the line of a street fifty feet wide, this not only narrowed the street to almost alley dimensions, but enabled Donohue's neighbors, in the erection of new buildings, to extend to the line ten feet in front of him, obstructing the view from his house, and to some extent concealing it from observation.

On petition of Donohue, the court appointed viewers, who awarded him damages of $700, and to another lot owner, in the same situation, $300, altogether $1,000, which was assessed as benefits on other property owners on the same street. To this award, Isaac Wilde and others assessed with benefits, filed exceptions, denying the jurisdiction of the city councils and court, either to narrow the street, or to assess damages and benefits resulting therefrom.

It does not seem to us important, in the determination of this dispute, to consider the scope of the act of 21st of April, 1858, and prior statutes on the subject of opening, widening

and vacating of roads, streets and highways; perhaps the pro-
ceeding had in this case is, by necessary implication, author-
ized by these statutes; but whether this be so or not, it is
expressly authorized by the act of June 8, 1881, which is an
amendment of and repetition in part of the act of May 23,
1874.   This first mentioned act declares:—"The municipal
authorities and courts having jurisdiction in any city of this
commonwealth, shall have exclusive control and direction of the
opening, widening, narrowing, vacating and changing grade of
all streets, alleys and highways within the limits of such city."
It was contended by the exceptants, and their contention was
sustained by the court below, that no jurisdiction to narrow a
street was given by this act, except to courts already having
statutory authority to vacate and narrow streets; the words,
"The municipal authorities and courts having jurisdiction," it
is argued, were intended to apply only to those cities where the
courts already had jurisdiction.   We do not think so.   Speaking
generally, jurisdiction in a court is the power to hear and deter-
mine a cause.   The power over roads and streets is confined to
the counties where they are located; the same as ejectments,
mechanics' liens and the like, no power over them exists outside
the counties; the jurisdictional limits are the county lines, and
the courts of the county have jurisdiction to determine such mat-
ters by reason of the location of the courts and the subject of
litigation.   If a new method of procedure, with reference to any
of these subjects of litigation, were adopted, it would be carried
on within the territorial limits of the court where the sub-
ject was located, and we would say, "the courts having juris-
diction shall make orders, issue writs," etc.   While the words,
"the courts having jurisdiction," might be referred to a special
jurisdiction over the same subject, theretofore conferred by stat-
ute, the words in both the acts of 1874 and 1881 were used
as applicable to the general jurisdiction of the courts to hear
and determine matters within their jurisdictional limits.   They
specify the subject of control, and at the same time confer juris-
diction.   In the act of 1850, regulating partition of decedent's
real estate, "the courts having jurisdiction" are authorized to
allot to the heirs their respective shares; that is, jurisdiction
within the territory where the land is located.   Adopting the
words in this general sense, the acts of 1874 and 1881 confer not

only a power of control and direction over streets and alleys, but also specify the manner of its exercise ; the municipal authorities and courts having jurisdiction are authorized to open, widen, vacate and narrow streets.

While we think there was jurisdiction to institute the proceeding, we are further of the opinion that the assessment of damages and benefits was within the express authorization of section 13 of the act of 1874.

The case of exceptants is without merit ; they asked the councils and courts to do just what they did do, and gave bond to indemnify the city against damages ; the purpose having been accomplished, and the advantage secured, they now deny the authority to do what they asked, which, if concurred in, would wholly relieve them from obligation or liability for benefits.

The decree is reversed, and the report of the jury is confirmed absolutely ; costs to be paid by appellees.