## PEOPLE v. MURRAY HILL BANK.

(Supreme Court, Appellate Division, Second Department.   November 20, 1896.)

1. CORPORATIONS—DISSOLUTION BY DIRECTORS—ATTORNEY GENERAL.
    The pendency of a proceeding by directors of an insolvent bank to dissolve it does not bar an action by the attorney general for the same relief.
2. RECEIVERS—REMOVAL BY BRANCH OF SAME COURT.
    Where a court has acquired jurisdiction over the funds of an insolvent corporation, and has appointed receivers to administer them, a co-ordinate branch of the same court cannot take the funds out of the hands of such receivers, and place them in possession of others appointed by it in another proceeding.

Appeal from special term, Kings county.

Action by the attorney general for the dissolution of the Murray Hill Bank.   From orders striking out the answer as frivolous, and directing judgment in favor of plaintiff, and appointing receivers, defendant appeals.   Order striking out answer affirmed.   Order appointing receivers reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Louis Marshall, for appellant.
W. E. Kisselburgh, Jr., for the People.

BROWN, P. J.   There are two appeals before the court in this action.   The first is from an order appointing temporary receivers; the second, from an order overruling the answer of the defendant as frivolous, and directing judgment for the relief demanded in the complaint.   The action was brought by the attorney general in the county of Kings, in the Second judicial district, to obtain a judgment dissolving the defendant corporation, and declaring forfeited its corporate privileges and franchises.   The essential allegation of the complaint is that the defendant was insolvent, that it had suspended its ordinary business, and that the superintendent of banks had, pursuant to the authority of the banking law of the state, after an examination of its books and affairs, determined that it was unsafe for it longer to continue to transact business, and had taken possession of its bank and its property. The answer contains no denial of the insolvency of the defendant, but it alleges as a separate defense that prior to the commencement of this action a majority of the directors having the management of the concerns of the defendant had commenced in this court, in the First judicial district, a proceeding for the voluntary dissolution of the corporation, pursuant to the provisions of the Code of Civil Procedure, and that the ground for such application was that the defendant was insolvent; that such proceedings had been had, upon due notice to the attorney general, that on September 2, 1896, an order had been made, at a special term held in and for the city and county of New York by Mr. Justice Pryor, directing all persons interested in the defendant corporation to show cause, upon a day named therein, why the defendant should not be dissolved; that upon application of said petitioners, and upon like

notice to the attorney general, and upon the same day, and at the same term of the court, an order had been made, and duly entered, appointing two temporary receivers of the property of said corporation; that said receivers had duly qualified and filed the security required of them by the court, and duly demanded possession of the property of the defendant from the said superintendent of banks; that an appeal had been taken from said last-named order by the attorney general; and that such proceedings were still pending in this court. The answer contained other matter alleged as separate defenses, and denials of other allegations of the complaint; but none of them were, we think, material to the question presented by the complaint, and require no notice. Upon the summons and complaint, and upon the affidavit of the superintendent of the banking department of the state, a motion was made by the attorney general, at a special term held at the city of Newburgh by Mr. Justice Dickey, on September 12, 1896, for the appointment of temporary receivers of the defendant in this action. In opposition to such motion, the defendant read all the papers presented to the court in the First department in the proceeding for a voluntary dissolution of the corporation, and the order of Mr. Justice Pryor appointing, as temporary receivers of the defendant, Mr. Spencer Trask and Mr. Miles O'Brien, of the city of New York, and also the bonds filed by said receivers, and the approval thereof by a justice of this court. Thereupon, after argument, Mr. Justice Dickey granted the motion of the attorney general, and appointed, as temporary receivers of the defendant in this action, Mr. Edward H. Hobbs, of Brooklyn, and Mr. Benjamin B. O'Dell, Jr., of Newburgh.

The order of Mr. Justice Dickey appears, from his opinion, to rest upon his determination that, inasmuch as the superintendent of the banking department had taken possession of the bank and its business and property, the directors of the corporation, at. the time they presented their petition to the court in the proceeding for a voluntary dissolution, were not, in the language of section 2419 of the Code of Civil Procedure, "directors * * * having the management of the concerns of the corporation," and that consequently the special term held by Justice Pryor, at which said petition was presented, had no jurisdiction to entertain the application. This proposition the attorney general has very fully argued at our bar. Since the argument, the order granted by Justice Pryor has been affirmed by the appellate division in the First department, and that decision is conclusive upon the right to maintain the proceedings for the voluntary dissolution. In re Directors of Murray Hill Bank, 41 N. Y. Supp. 914. The power of the court in the First department to entertain that application cannot be questioned in this action. The court had jurisdiction of the subject-matter, and the authority to appoint temporary receivers, and it necessarily possessed the power to decide any controverted question of fact upon which exercise of its power depended. "Jurisdiction," in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power lawfully

existing to hear and determine a cause. It is the power to adjudge concerning the general questions involved, and is not dependent upon the state of facts which may appear in a particular case. It is entirely independent of the manner of its exercise, involving the power to decide either way upon the facts presented to the court. Hunt v. Hunt, 72 N. Y. 217; People v. Sturtevant, 9 N. Y. 263; People v. Dwyer, 90 N. Y. 402; People v. McKane, 78 Hun, 154, 28 N. Y. Supp. 981, and cases cited. As the Code has conferred upon the supreme court the power to dissolve a corporation upon the petition of a majority of the directors having the management of its concerns, the question whether the petitioning directors had the management of its concerns was a judicial one, which the court at special term was called upon to decide; and its decision either way did not affect its jurisdiction, and could be reversed only upon appeal. It may have been erroneous, but, until reversed, it is conclusive in all other tribunals upon the questions presented. For the purpose of this appeal, therefore, we must assume that the fact that the superintendent of the banking department had taken possession of the bank and its property and business did not preclude the directors from prosecuting the proceedings for a dissolution of the corporation, or deprive the court of the right to exercise any of the powers which the statute conferred upon it in proceedings of that character. But we are also of the opinion that the pendency of the proceedings for a voluntary dissolution are not a bar to the maintenance of an action by the attorney general, in the name of the people, for substantially the same relief. It was so decided in People v. Seneca Lake Grape & Wine Co., 52 Hun, 174, 5 N. Y. Supp. 136. While it is true that the statutes relating to the voluntary dissolution of corporations have, since that case was decided, been very much changed, and the power which the court may exercise in those proceedings very much enlarged, and while the grounds upon which dissolution was sought in that action were different from those alleged in the petition of the directors in the voluntary proceeding, the relief sought in each case was the same, and we think the decision rested upon a sound principle of law. There would, we think, be serious objections to treating a proceeding for the voluntary dissolution of a corporation as an action between the people and the corporation, or in holding that the people were a party to that proceeding, in the true sense of that term. But, however that may be, we place our decision upon the ground the state will not be held to have surrendered its right to enforce against a corporation a forfeiture of its charter, without express legislative declaration to that effect. The right and power conferred upon the officers of an insolvent corporation to prosecute a proceeding for the voluntary dissolution thereof, and the distribution of its property, through the medium of receivers, among those entitled to receive it, is permissive merely, and cannot be construed as a surrender by the state of its right to enforce a forfeiture of the charter of the corporation whenever it sees fit to do so. The proceedings by the directors depend for their success upon proof of many facts which are not material in

an action by the people, and we think the attorney general may prosecute an action upon any of the grounds specified in section 1785 of the Code of Civil Procedure, without any regard to proceedings instituted by the directors, whenever in his opinion the public interests require that such an action should be brought. Code Civ. Proc. § 1808.    We therefore conclude that the answer of the defendant sets forth no defense, and the order overruling it as frivolous must be affirmed.

But, while we affirm the right and power of the attorney general to maintain this action for the purpose of obtaining a judgment dissolving the corporation, it by no means follows that receivers of the property of the corporation should be appointed herein, either by an intermediate order, or by final judgment, while the other proceeding is pending.    The distribution of the property of the corporation among the creditors and stockholders is chiefly an administrative function.    It is the result of, and an incident to, the dissolution of the corporate body.    It is to be performed by the court, through the medium of receivers; and such receivers, when appointed, are the officers of the court, and subject to its direction and control.    When, therefore, the court has in one proceeding brought for the dissolution of the corporation acquired jurisdiction over the fund, and has appointed its officers to take possession thereof and administer upon it, it is difficult to see how the order of another and co-ordinate branch of the same court is to be upheld, which seeks merely to take the fund out of the hands of one set of receivers, and place it in the possession of another set.    The supreme court is a single tribunal, existing for the purpose of administering the law throughout the state.    It performs its functions through many judges, in different parts of the state; but its orders, whenever made, are the orders of the court, and are to be respected and enforced as such in all parts of the state, and by all branches of the same court.    In this action it was made apparent to the court at special term that receivers had already been appointed of the defendant corporation, and that they had qualified as such, and given the security required of them.    They thereby became entitled to the possession of the corporate assets.    Upon the view of the law entertained by the learned judge who heard the motion, he was probably permitted to ignore Judge Pryor's order. If that order had been granted by a judge who had no jurisdiction over the corporation or its assets, it had, of course, no binding force anywhere.    But, as we have shown, the learned judge fell into an error in this respect.    There was jurisdiction to grant that order, and the assets of the corporation were at the time the motion for receivers was made in this action, in legal contemplation, in the control of the court, and the receivers appointed by Justice Pryor were entitled to the possession thereof.    Should receivers be appointed in this action, the legal relation of the court to the fund would not thereby be in the slightest degree changed. It would still be in the possession and control of the court.    All that would be accomplished would be to displace one set of receivers and substitute another.    No step can be taken in the voluntary

proceedings except upon due notice to the attorney general. The duties imposed upon him in reference to the administration of the fund are authorized mainly for the protection of the stockholders and creditors, and are precisely the same in one proceeding as in the other. The interests of all parties are therefore amply protected, and no public or private interests demand any further order by the court in this action. If the receivers appointed by Justice Pryor are for any reason objectionable, application may be made to the court for their removal. The fund is now in the possession and control of the court, and no further order or judgment is at the present time necessary to enable it to decree its proper distribution among those entitled to it.

Judgment may be entered in this action for the dissolution of the corporate body. But the corporate assets must be distributed through the voluntary proceeding where jurisdiction first attached. The order appointing receivers must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.