*Ex parte* M. J. WADE.

No. A-98.    Opinion Filed March 3, 1909.

(100 Pac. 35.)

1. **JURISDICTION—Misdemeanors—Transfer of Causes.** The act of
the Legislature of 1907-08 (Sess. Laws 1907-08, p. 210, c. .16),
empowering grand juries to investigate and return indictments
for misdemeanors, and directing the judge of the district court
in which such indictments are returned to order them transferred
to such inferior courts as may have jurisdiction to try the
offenses charged therein, is not in conflict with any provision
of our Constitution, and such indictments may be found by the
grand juries and transferred to the · courts having jurisdiction
thereof as directed in the statute.

2. **SAME—Scope of District Court's Power.** When a grand jury
returns into a district court an indictment for a misdemeanor,
the district court is without power to issue a warrant for the
arrest of the defendant upon such indictment. The power of the
district court is limited to making an order directing the trans-
fer of such case to the court having jurisdiction thereof. The
warrant of arrest must be issued by the court to which the case
is transferred.

3. **WORDS AND PHRASES—"Jurisdiction."** "Jurisdiction," when
applied to courts, is defined to be the power to hear and deter-
mine a cause.

(Syllabus by the Court.)

Original petition for *habeas corpus* by M. J. Wade.  Writ
denied.

On the 20th of February, 1909, M. J. Wade (hereinafter
called defendant) filed in this court the following petition for a
writ of *habeas corpus*:

"Your petitioner, M. J. Wade, a resident and citizen of Wag-
oner county, Okla., respectfully represents to this honorable court:
That she is restrained of her liberty and is unlawfully imprisoned
in the county jail of Wagoner county, Okla., by Luther Opry,
sheriff of Wagoner county, Okla.  That the cause of her restraint,
according to the best knowledge and belief of your petitioner, is
as follows:  That on, to wit, January 11, 1909, the district court

of Wagoner county, Third judicial district of Oklahoma, selected a grand jury of 12 men, who were then and there impaneled and sworn to hear, investigate, and determine such matters as might come before them. That on, to wit, January 20, 1909, said grand jury returned into open court in said district court, among other indictments, 19 indictments against your petitioner charging her with the sale of intoxicating liquors at various times within the county and state aforesaid, said indictments being numbered: 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156. That thereupon said district court ordered that a warrant issue for said M. J. Wade upon each of said indictments, which warrants were then and there issued by A. L. Snyder, clerk of said district court as directed and ordered by said district court, by reason of which warrants thus issued by the clerk of the district court as aforesaid, your petitioner has been arrested and has been and is now confined in the jail of Wagoner county, Okla., by the said sheriff. That on January 20, 1909, said district court of Wagoner county made and entered in said cases and each of them the following order, to wit: 'State of Oklahoma v. M. J. Wade. Upon motion of the county attorney this case is ordered transferred to the county court of Wagoner county, Okla. Papers transferred.' That under and by virtue of said order of the district court made and entered as aforesaid, each and every one of the indictments found and returned by the grand jury as aforesaid and numbered 138 and 156, inclusive, and all the papers and proceedings therein, were transferred to the county court of Wagoner county, Okla., and filed therein on February 6, 1909, and numbered upon the criminal docket of said county court 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229. That the transcripts in all of said cases are identical, except as to number, and your petitioner hereto attaches a certified copy of the transcript in case numbered on the criminal docket of the county court of Wagoner county 211, marked petitioner's 'Exhibit A.' and asks that the same may be taken and considered as a part of this petition.

"Your petitioner respectfully shows to the court and here charges that said restraint is illegal and unauthorized in law for the reasons following, to wit: First. The Constitution of the state of Oklahoma, in section 18, article 2, limits the power of the grand jury to investigating and returning indictments for all

characters and grades of crimes, but does not empower it to re-turn indictments in misdemeanor cases of selling and furnishing intoxicating liquors. Second. Said district court is entirely with-out jurisdiction to receive said indictments, to order said warrants to be issued for the arrest of your petitioner, to issue said war-rants, or to make said order transferring the prosecution from the district court to the county court for the reason that the Consti-tution of the state of Oklahoma in section 12, article 7 thereof (Bunn's Ed. § 183), expressly provides: 'The county court shall have jurisdiction concurrent with justices of the peace in misde-meanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction.' And said Constitution further provides in section 10, article 7 (Bunn's Ed. § 180), that: 'The district court shall have original juris-diction in all cases, civil and criminal, except where exclusive juris-diction is by this Constitution, or by law, conferred on some other court.' And therefore your petitioner charges that said indictments are illegal, that said warrants are void, that your petitioner is wrongfully and unlawfully imprisoned and restrained of her lib-erty in violation of the Constitution of the state of Oklahoma. A certified copy of said warrant is hereto attached, marked peti-tioner's 'Exhibit B,' and made a part hereof. Wherefore your petitioner prays this honorable court to grant her a writ of *habeas corpus* and that she be discharged without delay from said un-lawful imprisonment."

The petition for the writ of *habeas corpus* is properly support-ed by accompanying affidavits and exhibits.

*Robert F. Blair,* for petitioner.
*Fred S. Caldwell,* for the State.
No briefs reached the reporter.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). First. Counsel for the defendant calls in question the con-stitutionality of the act of the Legislature of 1907-08, which em-powers and authorizes the grand juries to investigate all felonies and misdemeanors committed in their respective jurisdictions, and which directs the judge of the district court to transfer misde-meanor indictments, so presented, to the court having jurisdiction to try the offenses named therein, which is as follows:

"Section 1. The grand jury of each county in the state is hereby empowered and authorized to investigate all felonies and misdemeanors committed in their respective jurisdictions; and upon the filing of an indictment in the district court or any indictment returned since November 16, 1907, and prior to the passage of this act, which charges an offense over which such court has no jurisdiction, the judge of such court shall immediately, or as soon as convenient, make an order transferring the same to such inferior court as may have jurisdiction to try the offense therein charged, stating in such order the cause transferred, and to what court transferred.

"Sec. 2. It shall be the duty of the clerk of the district court without delay, to deliver the indictment in all cases transferred together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; and he shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases.

"Sec. 3. All cases transferred from the district court shall be entered upon the docket of the court to which they are transferred, and all process thereon shall be issued, and the defendant tried in the same manner as if the cause had originated in the court to which they have been transferred." (Sess. Laws 1907-08, pp. 210, 211, c. 16.)

If the portions of the Constitution which are quoted in the petition for the writ of *habeas corpus* constituted all that the Constitution contains with reference to this matter, then beyond question counsel for the defendant would be correct in his contention; but the portions of the Constitution cited and relied upon by counsel must be considered in connection with sections 26 and 27 of the Bill of Rights (Bunn's Ed.), which are as follows:

"Sec. 26. No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having

waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.

"Sec. 27. A grand jury shall be composed of twelve men, any nine of which concurring may find an indictment or true bill. A grand jury shall be convened upon the order of a judge of a court having the power to try and determine felonies, upon his own motion; or such grand jury shall be ordered by such judge upon the filing of a petition therefor signed by one hundred resident taxpayers of the county; when so assembled such grand jury shall have power to investigate and return indictments for all character and grades of crime, and such other powers as the Legislature may prescribe: Provided, that the Legislature may make the calling of a grand jury compulsory."

The general rules to be applied in the construction of a provision of a state Constitution are well expressed on page 730, vol. 8 of Cyc., as follows:

"(B) To be ascertained from whole instrument: The whole instrument is to be examined with a view to ascertaining the meaning of each and every part. The presumption and legal intendment is that each and every clause in a written Constitution has been inserted for some useful purpose, and therefore the instrument must be construed as a whole in order that its intent and general purposes may be ascertained; and as a necessary result of this rule it follows that wherever it is possible to do so each provision must be construed so that it shall harmonize with all others, without destroying the meaning of any of such provisions, to the end that the intent of the framers may be ascertained and carried out and effect given to the instrument as a whole."

It will be observed that the provisions of the Constitution relied upon by counsel for the defendant are taken from that part which prescribes the powers of the various departments of state, while the provisions relating to the grand jury and its powers are contained in the Bill of Rights. Touching this matter, the Supreme Court of Alabama, in the case of *In re Dosey*, said:

"The Declaration of Rights is the governing and controlling part of the Constitution, and all of its general powers are to be expounded and their operation extended or restrained with reference to it." (7 Port. [Ala.] 293.)

Even if there was a conflict between the provisions of the Bill

of Rights and the general provisions of the Constitution, we would construe the general provisions in the light of the declarations contained in the Bill of Rights; but, as we understand it, there is no such conflict. It is true that county courts are given exclusive jurisdiction in all misdemeanor cases of which justices of the peace have no jurisdiction. The assumed conflict rests upon the meaning of the word "jurisdiction."

"Jurisdiction. The power and authority constitutionally conferred upon (or constitutionally recognized as existing in) a court or judge to pronounce the sentence of the law, or to award the remedies provided by law, upon a state of facts, proved or admitted, referred to the tribunals for decision, and in favor of or against persons (or a *res*) who present themselves, or who are brought, before the court in some manner sanctioned by law as proper and sufficient. 1 Black, Judgm. § 215.

"Jurisdiction is a power constitutionally conferred upon a judge or magistrate to take cognizance of the determined causes according to law, and to carry his sentence into execution. *Worcester v. Georgia,* 6 Pet. 591, 8 L. Ed. 483; *In re Ferguson,* 9 Johns. (N. Y.) 239; *Johnson v. Jones,* 2 Neb. 135.

"The authority of a court as distinguished from the other departments; judicial power considered with reference to its scope and extent, as respects the questions and persons subject to it; power given by law to hear and decide controversies. Abbott.

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to the suit; to adjudicate or exercise any judicial power over them. *Rhode Island v. Massachusetts,* 12 Pet. 657, 9 L. Ed. 1233.

"Jurisdiction is the power to hear and determine a cause; the authority by which judicial officers take cognizance of and decide causes. *City of Brownsville v. Basse,* 43 Tex. 440."

Black's Law Dictionary, p. 663.

"Jurisdiction (Lat. *jus,* law, *dicere,* to say.) The authority by which judicial officers take cognizance of and decide causes. Power to hear and determine a cause. *Parker v. Wallace,* 3 Ohio, 494; *Worcester v. Georgia,* 6 Pet. 591, 8 L. Ed. 483. The right of a judge to pronounce a sentence of the law, on a case or issue before him, acquired through due process of law. It includes power to enforce the execution of what is decreed. *In re Ferguson,*

9 Johns. (N. Y.) 239; *Hopkins v. Commonwealth,* 3 Metc. (Mass.)
460; *Commonwealth v. Curtis,* Thacher, Cr. Cas. (Mass.) 202."
(Bouvier's Law Dictionary, vol. 2, p. 26.)

"The term 'jurisdiction,' when confined to the judicial depart-
ment of the government, means the legal authority to administer
justice. *Holmes v. Campbell,* 12 Minn. 221, 227 (Gil. 141, 146.)"
(Words & Phrases Judicially Defined, vol. 4, p. 3877.)

"Chief Justice Shaw said: 'To have jurisdiction is to have
power to inquire into the facts and apply the law.' *Robertson v.
State,* 109 Ind. 79, 10 N. E. 582, 643; citing *Hopkins v. Com-
monwealth,* 44 Mass. (3 Metc.) 460." (Words & Phrases Judic-
ially Defined, vol. 4, p. 3877.)

"Jurisdiction is the power to decide. *Yates v. Lansing,* 9
Johns. (N. Y.) 395, 413, 6 Am. Dec. 290." (Words & Phrases Ju-
dicially Defined, vol. 4, p. 3877.)

"Jurisdiction, when applied to courts, is defined to be the
power to hear and determine a cause. *Wightman v. Karsner,* 20
Ala. 446, 451; *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149,
25 South. 694, 697, 82 Am. St. Rep. 68; *In re Greenough St.,*
169 Pa. 210, 32 Atl. 427, 428; *State v. Wakefield,* 60 Vt. 618,
15 Atl. 181, 183; *Bassick Min. Co. v. Schoolfield,* 10 Colo. 46,
14 Pac. 65, 67; *Whipple v. Stevenson,* 25 Colo. 447, 55 Pac. 188,
190; *People v. McKane,* 78 Hun, 154, 28 N. Y. Supp. 981, 982;
*People v. Murray Hill Bank,* 10 App. Div. 328, 41 N. Y. Supp.
804, 805; *Chicago Title & Trust Company v. Brown,* 183 Ill. 42,
55 N. E. 632, 633, 47 L. R. A. 798; *People v. Talmadge,* 194 Ill.
67, 61 N. E. 1049, 1050; *Ginn v. Rogers,* 9 Ill. (4 Gilman) 131,
134; *Peak v. People,* 71 Ill. 278, 279; *Fleischman v. Walker,* 91
Ill. 318, 321; *Montour v. Purdy,* 11 Minn. 384, 404 (Gil. 278,
297), 83 Am. Dec. 88; *Fitzpatrick v. Simmons Bros. Mfg. Co.,*
86 Minn. 140, 90 N. W. 378, 380; *State v. Matter,* 78 Minn. 377,
81 N. W. 9, 10; *Cason v. Harrison,* 35 N. E. 268, 270, 135 Ind.
330; *Spencer v. Spencer,* 31 Ind. App. 321, 99 Am. St. Rep. 260,
67 N. E. 1018, 1921; *State v. Osborn,* 155 Ind. 385. 58 N. E.
491, 493; *State v. Sheriff of Middlesex,* 15 N. J. Law, (3 J. S.
Green) 68, 85; *Parker v. Lynch,* 7 Okla. 631, 56 Pac. 1082, 1088;
*North Bloomfield Gravel Min. Co. v. Keyser,* 58 Cal. 315, 326;
*In re Taylor,* 7 S. D. 382, 64 N. W. 253, 257, 45 L. R. A. 136,
58 Am. St. Rep. 843; *Sigmond v. Bebber,* 104 Iowa, 431, 73 N.
W. 1027, 1028; *Jones v. Brown,* 6 N. W. 140, 54 Iowa, 74, 79, 37
Am. Rep. 185; Freem. Judgm. § 118; *Oliver v. Riley,* 92 Iowa,

23, 60 N. W. 180, 181; *Trammell v. Town of Russellville,* 34 Ark. 105, 110, 36 Am. Rep. 1; *Stevenson v. Christie,* 64 Ark. 72, 42 S. W. 418, 419; *Smiley v. Sampson,* 1 Neb. 56, 69." (Words & Phrases Judicially Defined, vol. 4, p. 3877.)

"Jurisdiction. (2) Power to hear and determine a cause. Power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them." (Anderson's Dictionary of Law, p. 580.)

"Jurisdiction. (1) Exclusive—Concurrent. Jurisdiction is the power of a court or judge to entertain an action, petition or other proceeding. When a proceeding in respect to a certain subject-matter can only be brought in one court, that court is said to have exclusive jurisdiction; when it can be brought in any one of several courts, they are said to have concurrent jurisdiction." (Rapalje & Lawrence Law Dictionary, vol. 1, p. 702.)

"Jurisdiction. An authority to judge, administer justice; power to act judicially; power or right to pronounce judgment." (Kinney's Law Dictionary and Glossary, p. 411.)

"Jurisdiction. (Lat. *jus,* law, *dicere,* to say.) The authority by which judicial officers take cognizance of and decide cases; power to hear and determine a cause. *Parker v. Wallace,* 3 Ohio, 494; *Worcester v. Georgia,* 6 Pet. 591, 8 L. Ed. 483. And it has been considered that it is essential to justice that the court should not only have power to hear and determine the case generally, but that, in the course of the hearing, and in the particular judgment rendered, it keep within its power. *Windsor v. McVeigh,* 93 U. S. 282, 23 L. Ed. 914." (Cyclopedic Law Dictionary, p. 513.)

"Exclusive jurisdiction is that which gives to one tribunal sole power to try the cause." (Bouvier's Law Dictionary, vol 2, p. 26.)

The act of 1907-08 does not attempt to confer power upon district courts to hear and determine misdemeanor cases, or to exercise any right or duty with reference to them which requires the least discretion, or which in any manner passes upon any rights of a defendant in such cases. Neither does it take from, or in any manner interfere with, the exclusive right of county courts to try and determine such cases. It only imposes the duty upon the judge of the district court in which indictments have been

returned by grand juries for misdemeanors to transfer such indictments to the court having jurisdiction of the offenses charged. This duty does not involve the exercise of the least discretion. It is purely ministerial and is not an exercise of jurisdiction over the cases. The district court is simply the agency of the law in transferring misdemeanor cases to the courts in which they can be legally "heard and determined." So there is no jurisdictional conflict between the different sections of the Constitution touching this matter. But counsel say:

"The Constitution limits the power of the grand jury to investigating and returning indictments for all character and grades of crimes, but does not empower it to return indictments in misdemeanor cases of selling and furnishing intoxicating liquors."

Counsel, in argument, relied upon *Ex parte Cain*, 20 Okla. 125, 1 Okla. Cr. 7, 93 Pac. 976, decided by Chief Justice Williams, as sustaining his position that a misdemeanor was not a crime. An examination of this case will not sustain this contention. Chief Justice Williams says:

"An offense shall never be made felony by the construction of any doubtful and ambiguous words of a statute; and therefore, if it be prohibited under 'pain of forfeiting all that a man has,' or of 'forfeiting body and goods,' it shall amount to no more than a high misdemeanor. * * * The word 'misdemeanor,' in its usual acceptation, is applied to all those crimes and offenses for which the law has not provided a particular name; and they may be punished according to the degree of the offense, by fine or imprisonment or both. 'A misdemeanor is, in truth, any crime less than a felony; and the word is generally used in contradistinction to felony, misdemeanors comprehending all indictable offenses which do not amount to felony.' 1 Russell on Crimes (9th Ed.) c. 4, p. 78. The selling of intoxicating liquors at common law was not a felony, not even a crime. So, when it is made a crime, and the statute does not expressly state as to whether it is a felony or misdemeanor, the presumption is that it is a misdemeanor."

But, if there was any doubt upon this subject, it is settled by sections 1925, 1926, and 1927, Wilson's Rev. & Ann. St. 1903, which are as follows:

"(1925) § 4. Crimes are divided into: First, felonies; second, misdemeanors.

"(1926) § 5. A felony is a.crime which is, or may be, punishable with death, or by imprisonment in the territorial prison.

"(1927) § 6. Every other crime is a misdemeanor."

We think that the language of the Bill of Rights, giving the grand juries the power to investigate and return indictments for all character and grade of crime, authorizes indictments for misdemeanors as well as felonies; but, if there was any doubt upon this question, it is removed by the statement that grand juries shall have such other powers as the Legislature may prescribe. We do not find the least conflict in the various sections of the Constitution upon the matter of the power of grand juries to return indictments for misdemeanors into district courts, and the duty of district courts to transfer such indictments to the courts having jurisdiction of the offenses charged. We therefore hold that the act of 1907-08 is not repugnant to the Constitution.

Second. The act of 1907-08 instructs the judge of the district court in which indictments are returned, for misdemeanors to make an order transferring such indictments to the courts having jurisdiction of the offenses charged, but it does not authorize the issuance of a warrant by order of the district judge for the arrest of the defendant upon such an indictment. On the contrary, section 3 of the act provides as follows:

"Sec. 3. All cases transferred from the district court shall be entered on the docket of the court to which they are transferred, and all process thereon shall be issued, and the defendant tried in the same manner as if the cause had originated in the court to which they have been transferred."

This clearly contemplates that the warrant of arrest shall issue from the court having jurisdiction of the offense charged, after the case has been received from the district court. We are therefore of the opinion that the district court of Wagoner county was without jurisdiction to issue the warrant upon which defendant was arrested and is now imprisoned. The warrants should be issued out of the county court of Wagoner county, which has ex-

clusive jurisdiction of the offenses charged, and we direct that this now be done.

The writ of *habeas corpus* is denied.

BAKER and DOYLE, JUDGES, concur.