No. 11,001.

## CASSADY ET AL. *v.* MILLER ET AL.

JUDGMENT.—*Collateral Attack.—Presumption of Validity.*—Where the validity of a judgment is called in question in a subsequent suit, all reasonable presumptions are indulged in its favor, and the facts stated must be such as will overcome them.

SAME.—*Complaint.—Allegations as to Want of Notice.*—A complaint attacking the validity of a judgment, rendered by a court of superior jurisdiction, on the ground of want of notice, must allege what, if anything, is shown by the record of the cause in relation to the issue and service of process therein.

SAME.—*Jurisdiction.—Presumption.*—Where it appears that such a court has jurisdiction of the subject-matter of the action in which the judgment was rendered, it will be presumed, in the absence of a showing to the contrary, that jurisdiction of the person was acquired in some legal manner before judgment was rendered.

From the Vigo Circuit Court.

*B. E. Rhoads, J. M. Shelton* and *H. C. Nevitt,* for appellants.

*S. C. Davis* and *S. B. Davis,* for appellees.

HOWK, J.—The only error assigned by appellants, the plaintiffs below, is the sustaining of appellees' demurrer, for the alleged want of sufficient facts, to their complaint.

The appellants, Melissa and Burton Cassady, alleged in their complaint, that on the 26th day of April, 1877, Emma Martin, since deceased, recovered in the Vigo Circuit Court a judgment against Sydney B. Davis, administrator of the estate of Adaline Cassady, for the sum of $181.80, and costs of suit, a copy of which judgment was filed with the complaint as a part thereof; that from an inspection of such judgment it would be seen that the name of appellant Melissa Cassady appeared as a defendant in such cause, or rather that Sydney B. Davis was her administrator, as well as the administrator of Adaline Cassady; that the original papers in such cause had been lost or mislaid, so that the same could not be produced, nor copies thereof. And appellant Melissa

Cassady said that she was not a party to such suit, that she was not served with process therein, and did not know of the rendition of such judgment, nor of its existence, until the — day of ——— 1881.

And appellants said that Melissa Cassady was living at the time of the rendition of such judgment, and that Sydney B. Davis was not her administrator, and that such judgment was not rendered against her, in fact, but only against Sydney B. Davis, as administrator of Adaline Cassady, as would appear from an inspection thereof, but the same is so worded as to leave, in the minds of some, doubts upon that question, and that the same was a cloud upon the real estate thereinafter described; that appellants were informed that the appellees claimed that such judgment was a judgment against Melissa Cassady, and binding on her, and a lien upon such real estate. And appellants further said that Emma Martin was then dead; that no administrator of her estate had ever been appointed in this State; that she resided, while living, in the State of Illinois, and there died; that her estate was not indebted, and her heirs at law were her representatives, and had taken possession of her estate and disposed of the same, or held·it for their own use and benefit; that the appellees, *except* Jacob F. Miller, James Cox and John Cleary, were the sole heirs and distributees at law of Emma Martin, deceased; and that appellees Miller and Cox, late partners in business under the firm name of Miller & Cox, claimed to own such judgment by assignment from their co-appellees, the heirs at law of Emma Martin, deceased.

Appellants further said that Melissa Cassady inherited certain described real estate, in Vigo county, from her deceased father, and that afterwards, on August 14th, 1879, she conveyed the same by warranty deed to her co-appellant, Burton Cassady, which deed was recorded in the recorder's office of Vigo county, on September 22d, 1880; and that such judgment was a cloud upon the title to such real estate, which

ought to be removed; that appellees Miller and Cox, on February 6th, 1883, sued out an execution on such judgment, and placed such execution in the hands of appellee Cleary, sheriff of such county, who had levied upon and would, if not enjoined, sell certain personal property of appellant Melissa Cassady to satisfy such judgment and execution. Wherefore appellants prayed that such judgment be declared null, void and of no effect as against Melissa Cassady, and that appellees Miller and Cox, and sheriff Cleary, be enjoined from collecting such judgment and execution, etc.

We are of opinion that the court committed no error in sustaining appellees' demurrer to appellants' complaint, the substance of which we have given in our opinion. It will be seen from our summary of the complaint, that the case is one of collateral attack, pure and simple, upon the validity of a prior judgment. The case in hand is not distinguishable, as it seems to us, from the recent case of *Exchange Bank* v. *Ault,* 102 Ind. 322. In the case cited, it was held that where a party seeks by complaint to impeach the validity of a judgment, rendered by a court of superior jurisdiction, on the ground that he had no legal notice of the pendency of the action wherein it was rendered, he must allege what, if anything, is shown by the record of the cause in relation to the issue and service of process therein. And further, that where it appears, as in this case, that such a court has jurisdiction of the subject-matter of the action in which the judgment was rendered, it will be presumed, in the absence of any sufficient showing to the contrary, that jurisdiction of the person was acquired in some manner known to the law before the judgment was rendered. In such a case as the one before us, every reasonable presumption is indulged in favor of the validity of the judgment sought to be impeached; and where, as here, its validity is called in question in a subsequent suit, the facts stated must be such as will overcome or exclude all such presumptions. This is the

doctrine of our decisions upon the question under considera-
tion. *Reed* v. *Whitton,* 78 Ind. 579; *Oppenheim* v. *Pitts-
burgh, etc., R. W. Co.,* 85 Ind. 471; *Smith* v. *Hess,* 91 Ind.
424; *Reid* v. *Mitchell,* 93 Ind. 469; *Young* v. *Wells,* 97 Ind.
410; *Dowell* v. *Lahr,* 97 Ind. 146; *Smith* v. *Clifford,* 99 Ind.
113; *McCaslin* v. *State, ex rel.,* 99 Ind. 428; *Anderson* v.
*Wilson,* 100 Ind. 402; *Rogers* v. *Beauchamp,* 102 Ind. 33;
*Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486.

Applying the doctrine of the cases cited to the case at bar,
it must be held, we think, that the facts stated in appellants'
complaint were not sufficient to overcome or exclude the rea-
sonable presumptions, which must be indulged, in favor of
the validity of the judgment sought to be impeached and
annulled. It is nowhere alleged in appellants' complaint,
that the record of such judgment does not show that she was
a party defendant in the action and judgment. Nor do the
appellants allege that the record shows that no summons was
issued in the action for Melissa Cassady, or that she had not
been personally served with summons issued therein, and the
summons returned by the sheriff, showing such service the
requisite period of time before the rendition of such judg-
ment. Upon the question of notice, the only allegation of
the complaint is, that she, Melissa Cassady, was not served
with process, and did not know of the rendition of such
judgment nor of its existence until in 1881. This allega-
tion is wholly insufficient, we think, to overcome the legal
presumptions in favor of the validity of the judgment.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed March 13, 1886.