The Indiana, Bloomington and Western Railway Company v. Sawyer.

Filed Feb. 1, 1887.

<hr />

No. 12,787.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. SAWYER.

RAILROAD.—*Fence.*—*Stations and Sidings.*—*Liability for Animals Killed.*—*Instruction.*—A railroad company is not required to fence its track at stations or sidings where freight is received and discharged, and is not liable for killing animals which enter upon its track at such places, and it is error to refuse to so instruct the jury where there is evidence to which such an instruction is applicable.

From the Warren Circuit Court.

C. W. Fairbanks and T. F. Davidson, for appellant.

W. E. Baker, for appellee.

NIBLACK, J.—This action was commenced before a justice of the peace, and was afterwards appealed to the Fountain Circuit Court, whence the venue was changed to the Warren Circuit Court.

The complaint charged that, on the 29th day of November, 1884, Charles Sawyer was the owner of a horse of the value of $100, and that, on that day, the horse entered upon the track of the Indiana, Bloomington and Western Railway Company at a point at which it was not securely fenced in, and was run over and killed by the locomotive and cars of the railway company, in the county of Fountain, in this State.

Sawyer obtained a verdict for $100, and, over a motion for a new trial, raising several questions upon the proceedings at the trial, had judgment on the verdict.

Sawyer was a witness in his own behalf. He testified to his ownership and the value of the horse described in the complaint; that, about the time named in the complaint, he found the horse dead near the railway company's track, in Fountain county, under circumstances indicating that it had been killed by a locomotive and cars passing over the track; that the horse's tracks in the snow indicated that it had entered upon the railway track through a cattle-pit at a highway crossing; that the cattle-pit was only about five inches deep, and a part of it had slipped to one side so that the horse could easily pass through it.

On cross-examination, Sawyer stated that there was a switch and side-track at the highway crossing; that the side-track extended east and west on both sides of the highway at the crossing, and was used by the railway company for putting in and taking out cars, and in receiving and discharging freight, as the business at that place required; that he had seen brakemen employed on the railway, running along on the ground at the place named, in doing their work of putting in and taking out cars; that it seemed to be necessary for the brakemen, in doing their work, to pass along the side-track and over the point where the horse got on the track and through the cattle-pit. There was other evidence tending to corroborate the statements thus made by Sawyer on his cross-examination.

At the proper time, the railway company, by its attorney,

asked the court to give to the jury a series of instructions, the fourth and fifth of which were as follows:

"4th. If the horse in question got onto the defendant's railway track from a highway crossing, at a point where the defendant had a side-track crossing the highway, on which it received and discharged freight, and which it had constructed and used for the convenience of the public and in the transaction of its business with them, then the defendant was not required to fence or inclose its track at that point, and the plaintiff could not recover.

"5th. The law does not require the defendant to fence its road at stations or sidings where freight is received and discharged, and the defendant is not liable in an action like this for stock that may get upon the track at such point and get killed."

The court refused to give the instructions thus set out, and failed to give any other instruction covering the same ground, or embracing the same subject-matter, and upon that refusal a question was reserved, and is now again presented.

The instructions in question stated the law correctly as abstract legal propositions, and were, as has been seen, applicable to a material part of the evidence given at the trial. Under such circumstances the court erred in refusing to give the instructions. The doctrine of these instructions was fully considered in the recent case of *Indiana, etc., R. W. Co. v. Quick, ante,* p. 295, and upon the authority of that case the judgment in this case ought to be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Filed Feb. 1, 1887.