Lewis *et al. v.* Rowland.

Filed April 5, 1892.

---

No. 15,540.

## LEWIS ET AL. *v.* ROWLAND.

INJUNCTION.—*Decree without Bond Being Filed.*—*Collateral Attack Upon.*—A decree granting an injunction without a bond being filed is at most only erroneous, and can not be collaterally attacked.

From the Fountain Circuit Court.

*J. A. Lindley, V. E. Livengood, H. H. Dochterman, O. P. Lewis* and *S. F. Wood*, for appellants.

*T. F. Davidson* and *A. Yount,* for appellee.

COFFEY, J.—This was an action by the appellants against the appellee, in the Fountain Circuit Court, to set aside a decree granting an injunction. It appears from the allegations in the complaint that at the April term of the Fountain Circuit Court the appellee, upon a trial, obtained a perpetual injunction against the appellants, enjoining them from using a certain livery stable, in the city of Covington, for the purposes named in the decree; that no injunction bond was filed by the appellee in said cause, but notwithstanding the appellants objected to the granting of such injunction they took no exception to the rulings and judgments of the court.

This action was commenced at a subsequent term, and proceeds upon the theory that the injunction decree is void, because it was granted without the filing of a bond. The court sustained a demurrer to the complaint, and this ruling presents the only question for our consideration.

Lewis *et al. v.* Rowland.

It is insisted by the appellants that the court did not possess the power to grant an injunction until the bond provided for by statute had been filed, and that the decree, without a bond, is void.

This is a collateral attack upon the decree of the court granting the injunction sought to be set aside. Any proceeding to have a judgment declared void, on account of matters not appearing on the face of the record, is a collateral attack on the judgment. *Exchange Bank* v. *Ault,* 102 Ind. 322; *Harmon* v. *Moore,* 112 Ind. 221.

From anything appearing upon the face of the complaint, the decree which the appellants seek to set aside is silent as to whether a bond was or was not filed. In this state of the record we need not inquire, therefore, as to whether the statute contemplates the filing of a bond on a final hearing before the court can grant a perpetual injunction, unless the absence of the bond would render the decree void.

It has long been the settled rule in this State that the proceedings and judgment of a court of general jurisdiction are not subject to a collateral attack unless it appears on the face of the judgment that it is void. *Jarboe* v. *Severin,* 112 Ind. 572; *Hall* v. *Durham,* 109 Ind. 434; *Cassady* v. *Miller,* 106 Ind. 69; *State, ex rel.,* v. *Morris,* 103 Ind. 161; *Lantz* v. *Maffett,* 102 Ind. 23.

It is also a rule that where a court of general jurisdiction has jurisdiction of the subject-matter of the suit and of the parties, no judgment it may render within the issues is void, however erroneous it may be.

Assuming, as contended by the appellants, that a bond should have been executed before the injunction was granted, it does not follow that the decree was void. It was at most erroneous, and not subject to collateral attack.

In our opinion the court did not err in sustaining a demurrer to the complaint before us.

Judgment affirmed.

Filed Jan. 30, 1891; petition for a rehearing overruled April 5, 1892.