Long *et al. v.* Ruch *et al.*

---

LONG ET AL. v. RUCH ET AL.

[No. 18,023. Filed May 25, 1897.]

PRACTICE.— *Motion to Strike Out Another Motion.*— A motion to strike out another motion is not a proper motion, but if entertained and sustained by the court, it is equivalent to overruling the first motion. *p. 77.*

JURISDICTION.—*Circuit Court.—Presumption.*—A circuit court being a court of general jurisdiction, the presumption is, where a judgment has been rendered, that the court had jurisdiction, especially as to the parties, until the contrary is made to appear. *p. 78.*

JUDGMENT.—*Collateral Attack.—Drainage.*—Where a motion is made in a drainage proceeding to set aside a judgment entered on the report of the commissioners assessing benefits, on the ground that no notice was given the moving parties, such motion is a collateral attack on the judgment, and must set forth that the record discloses such want of notice. *p. 78.*

SAME.—*Motion to Set Aside.—Court Not Legally in Session.*—The statement in a motion to set aside a judgment, that the court was not legally in session when the judgment was rendered, is a statement of a conclusion of law, and therefore unavailing. *p. 79.*

From the Whitley Circuit Court. *Affirmed.*

*W. E. Colerick* and *W. G. Colerick,* for appellants.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellees.

McCabe, C. J.—In a certain drainage proceeding entitled "Petition of Joseph Ruch *et al.* for drainage," appellants entered a special appearance for the purposes of, and filed a motion to set aside and vacate two certain judgments entered against them in said matter. Thereupon the petitioners for said drainage entered a special appearance to said motion and moved to strike said motion and application from the files, which motion the court sustained, and the motion and application was stricken from the files. Said motion and application to set aside said judgment was entitled thus:

"State of Indiana,  ⎱   In the matter of the petition
                    ⎰        of Joseph H. Ruch et al.
Whitley County.  ⎰             for drainage.

In the Whitley Circuit Court. April Term, 1896." And the substance of the motion was then as follows:

Come now the undersigned, specially appearing at this time to the above entitled proceeding for the sole purpose of making this motion and application, and represent to the court that the report of the drainage commissioners to whom the petition in said proceeding for the location and construction of the drain therein mentioned was referred, and which report was presented to, and filed in this court on February 22, 1894, certain parcels of real estate then and now owned by these applicants severally, were assessed by said commissioners in certain amounts for supposed benefits that said lands would, in the opinion of said commissioners, receive by reason of the construction of said drain, which several parcels of real estate so assessed are described in said report. That on the filing of said report in this court, it fixed April 7, 1894, for hearing said report. That these applicants filed no remonstrance to said report, but others whose lands

were assessed did remonstrate, and that during the hearing of such report and remonstrances at the October adjourned term of said court for 1895, an agreement was made by the petitioners and remonstrants, that certain assessments that had been made by said commissioners, as shown by said report against Lake and Eel River townships, in Allen county, were to be released and discharged, and the assessments against the lands of all of said remonstrants were to be reduced fifty per cent., and that no assessments should be made against any of said remonstrants' lands in the future for repairs or cleaning said drain, and that said remonstrants should recover their costs; and the further hearing of said report and remonstrances was suspended and abandoned by this court. And the court on said day, in accordance with the terms of said agreement, rendered a finding and judgment in said proceeding by which said townships were relieved and discharged from payment of said assessments against them, and reducing the said assessments against the lands of the remonstrants fifty per cent., which judgment was duly entered in the order book of said court. That none of these applicants were parties to said agreement, "and never in any manner consented, * * * to the rendition of said judgment, and the same was rendered without their knowledge and consent, and in their absence, and without any notice to them. That said judgment, as to them, is inequitable and unjust" for a number of reasons stated.

And they further represent that this court, as a part of said judgments, established said drain, and ordered the construction of the same as prayed for in the petition in said proceeding; that said court at the time said judgment was rendered was not legally in session, and had no power or authority to hold at that time said special term of said court.

It is then stated that on December 21, 1895, said judgment was attempted to be set aside under an agreement, and by which another judgment was to be, and was rendered after such attempted setting aside of said first judgment had been done. The second judgment was rendered in all respects like the first, with the exception of some modifications which are stated in the motion, and not material here to be stated. And then the motion states: "that said last judgment was and is a nullity, as this court had no power or authority to vacate said first judgment without notice to these applicants, * * * and that no notice of any kind whatever was given to these applicants and to said other persons to vacate said first judgment and render said subsequent judgment, and that the same was done in their absence and without their knowledge and consent, and that the judgment is unfair, inequitable, unjust, and invalid." This motion was signed by all the appellants.

The motion to strike out or from the files the motion to set aside the judgments was not a proper motion, and ought not to have been entertained by the court. But the court having entertained and sustained it was tantamount to overruling the motion to set aside the judgments. *Blemel* v. *Shattuck*, 133 Ind. 498, and authorities there cited; *Lang* v. *Superior Court*, 71 Cal. 491, 12 Pac. 306.

The only error assigned is the action of the trial court in sustaining the motion to strike out appellants' motion to set aside the judgments. And as that action is the equivalent of overruling the motion to set aside the judgments, the only question presented is, did the circuit court err in refusing to set aside the judgments? The ground on which the motion attacks the judgments is that they were rendered without notice to, and in the absence of the appellants, and,

hence, without the circuit court having acquired juris-
diction over the person of the appellants.

The circuit court being one of general jurisdiction,
the presumption is that it had jurisdiction, especially
as to the parties, until the contrary is made to appear.
*Exchange Bank* v. *Ault*, 102 Ind. 322; *Cassady* v.
*Miller*, 106 Ind. 69; *Bateman* v. *Miller*, 118 Ind. 345;
*Nichols* v. *State*, 127 Ind. 406.

But here it is stated that appellants were parties,
and that the said judgments affecting them were ren-
dered without any notice to them, without any knowl-
edge that the judgments were being rendered, and
that they were rendered in their absence.

This is a collateral attack upon the judgments, and
if the record of them shows that the court had ac-
quired jurisdiction over the appellants, and the court
having jurisdiction over the subject, they cannot have
them set aside in this collateral way. *Harman* v.
*Moore*, 112 Ind. 221, and authorities cited. Hence,
when such an attack is made it is incumbent on the at-
tacking party to show in his complaint or motion what
the record of the judgment attacked discloses as to
notice to, or appearance of the defendant, or the ac-
quisition of jurisdiction by the court over his person;
for if that record should disclose that he appeared, or
was duly served with process and defaulted, his aver-
ments to the contrary would amount to nothing, and
could not overcome the statements in the record.
*Bailey* v. *Rinker*, 146 Ind. 129, and cases there cited;
*Exchange Bank* v. *Ault, supra.*

The motion here does not set forth any part of the
record of said judgments sought to be set aside, nor is
the record of either of said judgments set forth in the
transcript in this appeal, so that we are left without
any statement or information as to what the record of

said judgments disclosed on the subject of jurisdiction over the person of the appellants.

For failure to set forth in the motion what the record of such judgments disclosed as to the acquisition of jurisdiction by the circuit court over the person of the appellants, and the record thereof not being before us, the motion to set aside such judgments was properly overruled, which the circuit court in effect did when it sustained the motion to strike from the files the motion to set aside the judgments.

·The statement in the motion that the court was not legally in session when the judgments were rendered, and had no power or authority to hold at that time said special term, is a statement of a conclusion of law founded on facts not stated, and, therefore, amounted to nothing.

Judgment affirmed.