STEVES ET AL. *v.* FRAZEE.

[No. 2,395.   Filed February 16, 1898.]

FORMER ADJUDICATION.—*Counterclaim.*—Where it is shown in an action on account that plaintiff had appeared in an action against him by defendant on a promissory note and filed answer and counterclaim setting up the same matter embraced in the account in suit and judgment was rendered for the full amount of the note, the issue thus presented, whether fully determined or not, amounts to an adjudication, and constitutes a bar to the subsequent action. *pp. 285-287.*

SPECIAL VERDICT.—*Must be Considered as a Whole.*—A special verdict must be considered as a whole, not in detached portions. *p. 288.*

From the La Porte Superior Court.   *Reversed.*

*C. R. Collins* and *J. B. Collins,* for appellants.

*W. H. Breece,* for appellee.

WILEY, J.—Appellants were plaintiffs below, and sued appellee for board, lodging, washing, mending, etc.   Appellee answered in four paragraphs:   (1) General denial; (2) payment; (3) counterclaim, and (4) former adjudication.   Appellants replied by general denial and affirmative matter as to the plea of former adjudication.   The cause was tried by a jury. A special verdict was returned, and a judgment thereon for appellee in the sum of $25.00.   Appellants' motion for judgment on the special verdict was overruled and they excepted.   Appellee's motion for judgment was sustained, to which ruling appellants excepted.   These adverse rulings appellants have assigned as error.

Looking to the special verdict as our only guide, the evidence not being in the record, we are unable to see upon what basis or theory the judgment can be upheld.   The verdict shows that appellants are husband and wife; that they live on a farm in Porter county, Indiana; that the appellant Hattie Steves invited

appellee to come to their house and make his home with them; that appellee accepted such invitation and went to appellants' home about August 12th 1895, and remained until March 30th 1896; that there was no express agreement that appellee was to pay appellants money for his board, washing, etc.; that he was to live with appellants as one of the family and do chores about the house and on the farm for his board, washing, etc.; that he did perform work for appellants all the time he lived with them, both on the farm and about the house.

On the question of former adjudication the special verdict shows that on July 6, 1896, there was a trial before a justice of the peace in Porter county, Indiana, wherein appellee sued appellants on a note for $25.00, to which action appellants appeared, filed an answer and counterclaim, and that said counterclaim set up the same cause of action as that stated in appellants' complaint; that in the trial of said cause in said justice's court, appellants were sworn as witnesses, and gave evidence in support of their said counterclaim; that in said action appellee recovered judgment against appellants on said note for $27.00; that said judgment remains wholly unpaid; that during the time appellee lived in the family of appellants, he paid for his board, washing, etc., by labor. Interrogatory twenty-four and answer are as follows:

"What amount do you find the plaintiffs are indebted to the defendant for work and labor done by him for the plaintiffs from August 12, 1895, to March 30, 1896?" Answer, ".00." Immediately following this interrogatory is a finding that, "If upon the foregoing facts the law is with the defendant, we find with the defendant, and assess his damages at twenty-five dollars." From the second set or form of interrogatories, we note the following facts: That ap-

pellee lived in appellants' family thirty-three weeks; that the services rendered appellee by appellants in the way of board, mending, washing, etc., were reasonably worth $3.00 per week; that appellee by his labor paid appellants for his lodging, table board, and other services rendered him.

There are other findings on the issue of former adjudication, which we have not set out, for the reason that they must be regarded as conclusions of law, and not the statement of ultimate facts. Eliminating from the special verdict the conclusions of law stated, and wholly disregarding them, there are sufficient facts stated from which the court can declare as a matter of law, that the questions in controversy, presented by appellants' complaint, and controverted by appellee's plea of *res judicata,* were fully adjudicated in the proceedings before the justice of the peace. The pleadings clearly show that in the action before the justice of the peace, the appellants tendered, by their answer, the identical questions here presented by their complaint. The verdict shows that they appeared to that action, and gave evidence in support of their answer, and that there was a judgment against them upon the issues involved. Appellants' learned counsel contend that the findings upon this question are not sufficient upon which the court can say, as a matter of law, that there was such former adjudication. With this contention we cannot agree; but concede, for the sake of argument, that the findings are not sufficiently specific to warrant the conclusion, yet it does clearly appear that the same issue was tendered in the trial of the case before the justice of the peace, and might have been determined within the issue, and, having thus submitted it for adjudication, appellants are bound by the result.

The law upon the question now in hand was clearly

stated by the Supreme Court in *Fischli* v. *Fischli*, 1 Blackford 360, as follows: "Whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest. This is a principle upon which the repose of society materially depends; and it therefore prevails, with very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case."

The doctrine announced in that case upon the point under consideration is the recognized law of this State, and has been approved and followed without any doubt or question in very many later cases, so that it may be truthfully said that it is a fixed and certain principle in our jurisprudence, to which the courts have tenaciously adhered. *Richardson* v. *Jones*, 58 Ind. 240; *Kramer* v. *Matthews*, 68 Ind. 172; *Green* v. *Glynn*, 71 Ind. 336; *Sauer* v. *Twining*, 81 Ind. 366; *Ulrich* v. *Drischell*, 88 Ind. 354; *State, ex rel.*, v. *Krug*, 94 Ind. 366; *Farrar* v. *Clark*, 97 Ind. 447; *Kurtz* v. *Carr, Admr.*, 105 Ind. 574; *Elwood* v. *Beymer*, 100 Ind. 504.

From what we have said, and upon the authorities cited, the question of *res judicata*, as presented by the record before us, must be resolved in favor of appellee.

Turning again to the special verdict, we find the following interrogatories and answers: (4) "If you find that the defendant lived with the plaintiffs, * * * was there a bargain or agreement made or entered into by and between the plaintiffs, or either of them, and this defendant, whereby the defendant was to pay money for his board, washing and nursing? Ans. No. (5) Is it not a fact that the defendant was to live with the plaintiffs as one of the family, and to work and do chores around the house and on the farm

of the plaintiffs for his board, washing, and nursing?
Ans.   Yes."

The general rule is that when one person lives in
the family of another, and performs services therein,
in the absence of any contract or agreement, the law
implies two things: (1) That such person is to be
paid what such services are reasonably worth; and
(2) that he is to pay a reasonable compensation for
his board and such other necessary services as may
be rendered to him.   But here this familiar principle
of law is not involved, for there is an express finding
of an agreement whereby appellee was to live in ap-
pellants' family, perform certain services, and such
services to be a full compensation for his board, lodg-
ing, mending, washing, etc.   In other words, he was
not to be paid any money consideration for his board,
etc., and they were not to pay him any money con-
sideration for his labor and services.   The one was
to offset and to balance the other.   Such a contract
they were authorized to make, and the law will en-
force it.   In answer to interrogatory twenty-four,
above quoted in full, the jury placed opposite the
word "answer" two ciphers.   In the light of all the
facts as shown by the special verdict, and the evident
intention of the jury, we must construe this answer
to the interrogatory as meaning that appellants owed
appellee nothing for the labor done and services per-
formed, upon which he bases his counterclaim, filed
with his answer.   We are aided in this conclusion by
the preceding finding that the labor and services ren-
dered by appellee to appellants were fully compen-
sated and paid by the board, lodging, washing, and
other services rendered by them to him.

A special verdict must be considered, not in de-
tached portions, but as a whole, and when so con-
sidered, it is apparent from the verdict before us, that

the jury intended to and in fact did find, that under the pleadings, issues, and evidence, there was nothing due from the appellants to the appellee, and *vice versa.* In such case there should have been judgment against appellants for costs only. The finding that the services rendered by appellants to appellee were worth $3.00 per week, and that he had lived in their family thirty-three weeks, does not aid appellants, as contended by their counsel, for the very evident reason that whatever these services were worth, he paid by his labor.

The general finding for $25.00 in favor of the appellee can have no weight and must be disregarded, in view of the fact found that there was nothing due him. There are no facts found that will support a judgment in his favor, while on the contrary, the facts found clearly show that he is not entitled to any judgment, except for costs. The judgment is reversed, and the court below is directed to set the judgment aside, and to render judgment on the special verdict against appellants for costs below.