## SPENCER *v.* SPENCER.

### [No. 4,317.   Filed June 23, 1903.]

JUDGMENT.—*Decree Terminating a Trust.*—*Collateral Attack.*—Where a court has decreed in a suit between the parties to a trust that the trust be closed and terminated in accordance with an agreement and settlement, a subsequent suit by one of the parties seeking to have so much of the decree vacated as declares the trust terminated, is a collateral attack.  *pp. 328, 329.*

SAME.—*Collateral Attack.*—A judgment will not be set aside upon a collateral attack unless it is made to appear that the judgment was rendered by a court without jurisdiction, and is absolutely void.  *p. 329.*

COURTS.—*Circuit Court.*—*Jurisdiction Over Controversy as to Trust Estate.*—A circuit court has jurisdiction in a suit to determine the effect of a will and declaration of trust, and the validity of an agreement between the parties in relation to the trust.  *p. 329.*

SAME.—*Collateral Attack.*—A decree rendered by a court having jurisdiction both of the subject-matter and the parties can not be assailed collaterally.  *p. 330.*

From White Circuit Court; *T. F. Palmer*, Judge.

Suit by Fred Spencer against Charles C. Spencer. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. W. Reynolds, A. K. Sills, G. C. Reynolds* and *J. R. Ward*, for appellant.

*B. K. Elliott, W. F. Elliott, F. L. Littleton* and *E. B. Sellers*, for appellee.

ROBINSON, C. J.—Appellant's complaint avers: That on March 20, 1893, Calvin C. Spencer, father of appellant and appellee, made his last will by which he devised to appellee the southeast quarter and the northeast quarter of the southwest quarter of section thirteen in a certain township and range, which will was afterwards duly probated; that concurrently with the execution of the will the testator addressed to appellee an instrument in writing giving

the substance of his will and stating: "Now I desire that you shall hold the following described property in trust for Fred, to wit [property above described]; you shall manage the property so held in trust and shall receive all rents, profits, and revenue from the same, and convert the same into money, at reasonable times, and after paying all necessary expenses, including taxes, on said trust property, you shall pay the balance of the money to Fred Spencer; you shall allow him the full privilege of living upon the said land; I also desire and intend that you shall hold the following described property in trust for Rae Spencer, to wit: The south half of the northeast quarter of section thirteen, also the south half of the northwest quarter of section thirteen, town twenty-six, range four west; you shall hold the property in trust for Rae in the same manner and with the same powers that you hold the property in trust for Fred, heretofore described. In case you survive either Fred or Rae, then, in that case, the property of the one you survive and of both if you survive both, so held in trust by you, shall become yours absolutely. You shall have power of control and disposition of said property. Now if you will accept the property herein mentioned on the terms above stated, and if you will carry out my wishes and intentions as herein expressed I shall let my will stand as I now have it;" that appellee agreed to carry out the request in the above instrument and declaration of trust; that on September 6, 1899, appellee brought suit against appellant; that appellant filed a cross-complaint against appellee, to which appellee filed an answer; that the following proceedings were had in that cause: "On the —— day of ————, 1900, at the April term, 1900, of said court, the following proceedings were had in said cause, to wit: Comes the defendant and cross-complainant in person, and Fred Spencer by his attorney, E. B. Sellers, the appearance of John R. Ward and Reynolds & Sills having been withdrawn, and on motion and application of said

Fred Spencer that leave be granted him to withdraw his motion and affidavit heretofore, on the 17th day of May, 1900, made and filed herein for a change of venue of this cause from the county, and now, upon said application and motion, and by agreement of the parties hereto, leave is granted to withdraw said affidavit for change of venue, and the order changing the venue of said cause to Cass county, Indiana, is set aside. The defendant withdrew his demurrer to the complaint therein filed on the 6th day of September, 1899, and his motion filed therein on December 11, 1899, to require plaintiff to seperate his causes of action, and also withdrew his demurrer, filed therein, to the answer of said Charles C. Spencer to the cross-complaint of said Fred Spencer, and the said Fred Spencer, appearing in person, filed his reply in the words and figures following, to wit [insert], to the several paragraphs of answer of the said Charles C. Spencer, as defendant, to said cross-complaint, and by agreement of parties thereto, each appearing in open court for himself, and the defendant Fred Spencer also by his attorney, E. B. Sellers, said cause was submitted to the court for trial, the issues being joined on the complaint of said Charles C. Spencer and the cross-complaint of said Fred Spencer, and the court, having heard the proof, and being sufficiently advised on the issues joined on plaintiff's complaint, and the answer thereto, and the issues joined on the cross-complaint, find, upon such proof and the agreement of parties thereto, that the allegations of plaintiff's complaint and the several paragraphs thereof were true; that the said Charles C. Spencer and Fred Spencer are sons of Calvin C. Spencer, who died testate on the 14th day of February, 1898, and his last will and testament was duly admitted to probate in this court on February 16, 1898, and recorded in will record four, pages 142 and 143, of the records of wills of White county; that on the day said will was executed by said testator he, by an instrument in writing, requested the said

Charles C. Spencer to hold the following real estate in White county, Indiana, to wit: The southeast quarter and the northeast quarter of the southwest quarter of section thirteen, township twenty-six north, range four west, in trust for the use of Fred Spencer of the rents and profits, the fee simple title to the same to remain in said Charles C. Spencer; a sum equal to the net annual profit of said land,to be paid to said Fred Spencer. And the court found that by said will the testator devised said real estate to said Charles C. Spencer, who agreed to carry out said request in said instrument and declaration of trust and has ever since the probate of said will faithfully discharged his duties as trustee under said trust. And the court found that, after the probate of said will, Margaret Rae Spencer, who afterward became, by marriage, Margaret Rae Rubright, began against the plaintiff and defendant to the cross-complaint, Charles C. Spencer and Fred Spencer, and others, a suit, which suit was commenced in this court, and proceeded to final judgment and decree establishing said will, and in said decree said trust was recognized as to Fred Spencer, and during the continuance of said trust relation the said Charles C. Spencer faithfully discharged said duties as such trustee, and fully accounted to said Fred Spencer in said trust. And the court further found that said trust and trust relation continued until March 28, 1899, when the said Charles C. Spencer and Fred Spencer entered into a written agreement, whereby a full settlement and accounting was had between them, and. said Charles C. Spencer bought from said Fred Spencer his life interest in said lands, and paid him full value therefor, and the said Fred Spencer at the time conveyed said land to said Charles C. Spencer by deed, and conveyed thereby his life estate and all other and any interest he, the said Fred Spencer, had in said land, and fully and completely released said Charles C. Spencer from accounting further in said trust and for longer holding said land in trust, for which

said Charles C. Spencer paid him full value therefor. And the court found that at the time the said agreement was entered into, March 28, 1899, said Charles C. Spencer fully informed said Fred Spencer as to his legal and other rights in and to said real estate under said will and declaration of trust, and also fully informed him, the said Fred Spencer, as to the value, nature, and character of the consideration to be paid, delivered, and conveyed to him for his said interest in said real estate, and at said time, to wit, and ever since the probate of said will Fred Spencer fully and well knew his rights and interest, and the value thereof under said will and declaration of trust, and during all of said time said Fred Spencer was, and is, of sound mind, and over twenty-one years old, and several years the senior of Charles C. Spencer, and capable of managing his own affairs.

"And the court found that said agreement and settlement was a fair one, and made in the interest of both parties thereto, and that the said Fred Spencer at the time fully understood the same, and the terms thereof, and has received the full consideration agreed to be given him. And the court found that, pursuant to said agreement and settlement, each party had received all the consideration provided for him thereunder, and that the property so received said Fred Spencer has enjoyed, possessed, and used as his own, absolutely, and said Charles C. Spencer has used and possessed as his own, freed from the trust, said real estate. And the court found that said agreement and settlement were valid, and that by and under the same there was a full settlement and adjustment of all differences, accounts, liabilities, and all other matters of every nature existing or claimed by either or both parties, and in all matters in which either have an interest, including all claims growing out of the estate of Calvin C. Spencer, or in any manner affecting the same, or the trust created by said Calvin C. Spencer in favor of said

Fred Spencer. And the court found that by said settlement said Fred Spencer relinquished his right to enforce said trust, and to receive any of the proceeds of the sale of said real estate, and that said trust was ended, terminated, and closed, and said agreement and settlement should be confirmed. The court found that said Fred Spencer should take nothing in his cause of action sued on in his cross-complaint, and the court found that the said Charles C. Spencer was the owner in fee simple and in possession of said real estate, and that said Fred Spencer should be forever enjoined from setting up any interest in or to said real estate, and that the title thereto should be quieted in Charles C. Spencer, and all parties waive any exceptions or objections to the finding of the court. And the court ordered and decreed that the trust created, as heretofore found, for the use of said Fred Spencer, be closed and terminated according to said agreement and settlement of plaintiff and defendants and cross-complainant, Fred Spencer, above found to have been made, in which said agreement and settlement between the parties hereto is confirmed and approved, and said deed of said Fred Spencer executed to said Charles C. Spencer by him, pursuant to said agreement and settlement for the said real estate, to wit, the southeast quarter and the northeast quarter of the southwest quarter of section thirteen, township twenty-six north, range four west, in White county, Indiana, is hereby confirmed and approved, and declared to vest in said Charles C. Spencer the fee simple title to said real estate; that said Charles C. Spencer has fully accounted in said trust, and is discharged as such trustee, and said trust declared closed and annulled; that the said Fred Spencer take nothing by this action on his cross-complaint; that the plaintiff Charles C. Spencer is the owner in fee simple of the real estate above described, and that the claims of the said defendant and cross-complainant Fred Spencer are without right and unfounded, and the plaintiff's title thereto be, and the same is hereby,

quieted; that the plaintiff have and recover of the defendant his costs laid out and expended herein, which are paid."

It is further averred that, ever since the above decree was entered, appellee maintains that the trust created by the will and the declaration of trust has been closed and terminated by reason of the decree, and not otherwise, and that appellant is not entitled to any of the rents and profits, and has no right to live on the land, and that appellee was discharged as such trustee. The complaint, after giving the pleader's construction of the will, avers that the design of the trust has not been accomplished; that appellee's acts were in contravention of the trust; that the deed of appellant to him, and the suit instituted in which the decree was rendered, was an attempt to defeat the object of the trust— and asks that so much of the decree as declares that the trust was terminated be annulled and vacated, that the trust be declared in force, and that appellant's interest in the trust property be held in trust for him by appellee, or that a receiver be appointed for that purpose.

The error assigned rests upon the court's ruling sustaining a demurrer to the complaint.

The statute makes the following provisions: "No person beneficially interested in a trust for the receipt of the rents and profits of lands can dispose of such interest. unless the right to make disposition thereof be conferred by the instrument creating such trust; but the interest of every person for whose benefit a trust for the payment of a sum in gross is created is assignable." §3394 Burns 1901. "Every sale, conveyance, or other act of a trustee, in contravention of a trust, shall be void." §3395 Burns 1901. "Every power, beneficial or in trust, shall be irrevocable, unless an authority to revoke it is reserved in the instrument creating the same." §3407 Burns 1901. Section 3411 Burns 1901 provides that real estate subject to a trust may be ordered sold by the court upon the complaint of "the trustee or *cestui que trust* of any trust," setting forth either

that the land is liable to waste or depreciate in value, or that taxes and repairs exceed the income and are liable to defeat the intention of the person creating the trust, or that the sale of the property and the safe and proper investment of the proceeds would inure to the advantage and benefit of the *cestui que trust* and fulfill the purposes of the trust. Section 3419 Burns 1901 provides that such trustee and the funds in his hands shall be at all times under the equitable control of the court having jurisdiction thereof for the preservation of the funds and carrying out the purposes of the trust.

The argument of appellant's counsel goes to the proposition that the will and declaration of trust created a trust estate, which could not be terminated by an agreement between the trustee and the beneficiary, and that the former judgment terminating the trust was without jurisdiction, and therefore void, and, being void, may be at any time vacated or set aside.

It is first argued by counsel for appellee that the court rendering the former judgment was a court of general superior jurisdiction and that, as it had jurisdiction of the subject-matter of that suit and of the parties, its judgment, even if erroneous, can not be successfully assailed in a collateral proceeding.

We think it clear that the present action is a collateral attack upon the former judgment. Any judicial proceeding, the object of which is to avoid, defeat, evade, or deny the force and effect of a judgment or decree, is either a direct or a collateral attack upon the judgment or decree. Various provisions are made by statute for avoiding or correcting judgments, and, when one of these statutory methods is pursued, the attack upon the judgment is direct; but if the same result is sought to be reached in some manner not provided by law, the attack is collateral. "Any proceeding," says the author in VanFleet's Collateral Attack, §5, "provided by the law for the purpose of avoiding or correcting a

Spencer *v.* Spencer.

judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power." See, also, *Harman* v. *Moore,* 112 Ind. 221; *Lewis* v. *Rowland,* 131 Ind. 103; *Exchange Bank* v. *Ault,* 102 Ind. 322. The present action is not an attempt to avoid or correct the former judgment in some manner provided by law, but is an effort to obtain another and independent judgment which will destroy the effect of the former judgment. As the present action is a collateral attack upon the former judgment, it must be made to appear that the judgment was rendered without jurisdiction and is absolutely void. *Winslow* v. *Green,* 155 Ind. 368; *Cohee* v. *Baer,* 134 Ind. 375, 39 Am. St. 270; *Davis* v. *Clements,* 148 Ind. 605, 62 Am. St. 539.

Jurisdiction is the power to hear and determine a cause. And it must be conceded that the circuit court rendering the former judgment had jurisdiction over the subject-matter of trust estates. The subject of the controversy in that action was the effect of the will and declaration of trust, and the validity of the agreement of the parties in relation to the trust. The court in that case had necessarily to determine whether the relation created between the parties was of such a character, the termination of which was inhibited by the statute. It had necessarily to determine the effect of all the provisions of the will and declaration of trust—among others, that the trustee should receive the rents and profits from the land, and convert the same into money, and after paying all necessary expenses he should pay the balance of the money to the *cestui que trust;* that in case the trustee survived, the property was to be his absolutely; and that he should have power of control and disposition of the property. It had necessarily to determine the character of the relation created by the will and declaration of trust, and in doing so must necessarily place a con-

struction upon those instruments.    It unquestionably had the power, without usurping an unconferred jurisdiction, to decide these matters, and this power to decide them included the power to decide wrong as well as right.    *Ely* v. *Board, etc.,* 112 Ind. 361; *Snelson* v. *State, ex rel.,* 16 Ind. 29.    As stated by the court in *Coleman* v. *Floyd,* 131 Ind. 330: "An error may be committed in construing or applying a statute, no matter how clear or imperative its terms, as well as in any other ruling.    If the concession be made that there was a clear and flagrant misconstruction or misapplication of the statute, still the only conclusion warranted by such a concession is that there was an erroneous ruling or decision."    See *Maynard* v. *Waidlich,* 156 Ind. 562; *Craighead* v. *Dalton,* 105 Ind. 72; *Board, etc.,* v. *Platt,* 79 Fed. 567, 25 C. C. A. 87.

As it does not appear on the face of the prior judgment that it is void, it is not subject to a collateral attack.    *Lantz* v. *Maffett,* 102 Ind. 23 ; *State, ex rel.,* v. *Morris,* 103 Ind. 161; *Young* v. *Sellers,* 106 Ind. 101; *Hall* v. *Durham,* 109 Ind. 344; *Lewis* v. *Rowland,* 131 Ind. 103.    The most that could be said is that the prior judgment was erroneous, and, however erroneous it might be, it is not subject to a collateral attack.    The pleadings in the former action were set out in the complaint in this action, and show that the whole subject-matter was covered in the complaint of the present appellee, the cross-complaint of appellant, and the answer thereto by appellee, and the decree covers the matters there put in issue.    The present action seeks to avoid and annul the precise question adjudicated by that decree. The whole force and effect of the decree is assailed.    As the court had jurisdiction both of the subject-matter and of the parties, the decree rendered can not be thus assailed collaterally.    From the earliest judicial history of the State, it has been held that, where a court has jurisdiction, a final determination of the matter by the court forever puts it at rest.    See *Fischli* v. *Fischli,* 1 Blackf. 360, 12 Am. Dec.

251; *Walker* v. *Walker,* 150 Ind. 317, and cases cited; *Beaver* v. *Irwin,* 6 Ind. App. 285; *Steves* v. *Frazee,* 19 Ind. App. 284; *Hart* v. *Moulton,* 104 Wis. 349, 76 Am. St. 881.

Judgment affirmed.