GREEN *v.* SCHARMAN ET AL.

[No. 11,288. Filed April 7, 1922. Rehearing denied June 23, 1922.]

1. JUDGMENT. — *Pleading Former Judgment. — Jurisdiction. — Presumption.*—A plea of *res adjudicata* which shows that the judgment relied on was rendered by a circuit court, which is a court of general jurisdiction, is good as against demurrer even though it does not show that such court had jurisdiction

of the person of defendant, as a court of general jurisdiction
is presumed to have had jurisdiction to render a judgment
until the contrary appears.   p. 470.

2.  QUIETING TITLE.—*Right to Property after Death of Grantee
    Without Issue.—Litigating During Life of Grantee.*—In an
    action by a grantee of land to quiet his title thereto, under
    §1116 Burns 1914, §1070 R. S. 1881, an heir of grantor might
    have litigated her right to the property under a clause in the
    deed providing that, if grantee should die without issue, the
    property should go to the grantor's heirs, of whom defendant
    was one, though the conditions upon which such right of in-
    heritance was based had not yet arisen, and, failing to do so,
    is concluded by the decree adjudging title in plaintiff.   p. 470.

3.  JUDGMENT.— *Plea of Res Adjudicata.— Sufficiency.— Allega-
    tion that Former Judgment was not Reversed.*—A plea set-
    ting up a former judgment between the parties as a bar need
    not allege that such judgment was not appealed from or re-
    versed, or that it was a final judgment, such facts being a
    matter of reply.   p. 471.

4.  JUDGMENT.—*Collateral Attack.—Invalidity for Want of Serv-
    ice.*—Where an answer relied on a former judgment between
    the parties as a bar, a reply thereto cannot attack the judg-
    ment for want of jurisdiction, because of the want of personal
    service on the party against whom it was rendered, where the
    judgment was rendered by a court of general jurisdiction and
    was regular upon its face, and hence is valid and binding
    until set aside in an appropriate proceeding.   p. 471.

5.  JUDGMENT.—*Reply Attacking Judgment for Want of Service.—
    Sufficiency.*—A reply to an answer of *res adjudicata*, which
    seeks to attack the judgment relied on for want of service on
    the party against whom it was rendered, must allege what, if
    anything, the record in the former action, which was tried in
    a court of general jurisdiction, shows on the question of notice
    or service.   p. 472.

6.  JUDGMENT.—*Collateral Attack.—Matters Outside Record.*—A
    judgment rendered by a court of general jurisdiction and
    which is regular upon its face cannot be impeached by plead-
    ing facts outside the record, since the judgment cannot be
    thus collaterally attacked.   p. 472.

7.  JUDGMENT.—*Plea of Res Adjudicata.—Reply.—Sufficiency.—
    Laches.*—Where defendant, in an action to quiet title, pleaded
    a former judgment quieting title in him as a bar, plaintiff's
    reply attacking the judgment, must allege facts to show that
    there was no laches by plaintiff in bringing her suit, which
    was not commenced until ten years after the former judgment

was rendered, and seven years after the right claimed by her had vested by reason of the death of the holder of the prior estate.   p. 472.

From Henry Circuit Court; *J. R. Hinshaw,* Special Judge.

Action by Rosa Alta Green against Lewis Scharman and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*Charles T. Kaelin* and *George D. Forkner,* for appellant.

. *Jeffrey & Jeffrey,* for appellees.

NICHOLS, J.—Complaint by appellant in two paragraphs to quiet title by which it appears that Jonathan Hully, the common ancestor and grantor, of Rush county, Indiana, on October 3, 1889, divided his estate, consisting of 215 acres, in said county among his two daughters, Susan J. Harkless and Mary Alice Alta, and a grandson, one George Hully, giving to the said George, by warranty deed, fifty-five acres, the undivided one-half of which is in controversy, in this action.   Said deed contained the following habendum: "We hereby expressly reserve the right to the use, occupancy, rents and profits of said land during our lives, and to the survivor during his or her natural life.   If George Hully dies without issue leaving no children, who would be his legal heirs, then this land is to revert to Susan J. Harkless and Mary Alice Alta our daughters."   Mary Alice Alta afterwards died, leaving appellant as her sole heir at law.

Appellee answered each paragraph of complaint by plea of *res adjudicata* averring that said George Hully, as sole plaintiff on January 9, 1907, instituted an action in the Rush Circuit Court against the said Susan J. Harkless and this appellant, to quiet his title to said fifty-five acres of real estate.   The complaint among

other things averred:    That the plaintiff was the owner
in fee simple of the real estate therein particularly de-
scribed and that Mary Alice Alta was dead, leaving ap-
pellant as her only heir at law who was of legal age.
That the defendants claimed some title or interest in
said real estate, adverse to plaintiff's rights, which claim
was without right and unfounded, and a cloud upon the
plaintiff's rights and title.    That the plaintiff was a
grandson of the said Jonathan Hully, who was on Oc-
tober 3, 1889, the owner and in possession of said 215-
acre tract, and on said day executed to plaintiff his
deed, with the habendum clause aforesaid.    Said com-
plaint further alleged that at the time of the execution
of said deed the plaintiff was seventeen years of age;
that he had never had any children or descendants, nor
was he ever married; that he claimed title to said land
by virtue of said deed and not otherwise; that on Oc-
tober 3, 1889, said Jonathan Hully executed to Susan J.
Harkless and Mary Alice Alta deeds for the other re-
maining tracts of said 215-acre farm, conveying eighty
acres to each; that both Jonathan Hully and Luretta
Hully, aforesaid, died before the bringing of that ac-
tion.    Susan J. Harkless appeared by counsel and the
cause was put at issue as to her on the general denial.

Rosa Alta appeared to said action and filed a waiver
of process and afterwards was ruled to answer the com-
plaint, and failing so to do, on May 21, 1907, a default
was taken against her and judgment rendered quieting
the title of said plaintiff George Hully.    Said Hully
afterwards became dissipated, and a guardian was ap-
pointed who obtained an order of court and sold said real
estate at public sale on January 11, 1908, and the ap-
pellees became the purchasers and went into possession
and have ever since so remained.    The court overruled
a demurrer to each paragraph of answer and the de-
fendant replied to each affirmative answer by a general

denial and by an affirmative plea averring that she was never served with summons or other process in the suit in which the judgment set up in said answer was rendered, in any of the ways provided by law, and that at the time said suit was commenced and during the pendency thereof she was a resident of Indiana; that she never signed or executed the waiver of process in said suit alleged in said answer and never authorized any one to sign or execute the same for her; that she never entered her appearance in said suit or authorized any one to enter her appearance for her, and did not know of the pendency of said suit until long after the alleged judgment therein was rendered; that at said time she had no estate in said lands which she could have set up if she had had notice of said suit; that the issue therein was as to the kind of an estate and the amount thereof which George Hully had in said lands at said time, and is not the same as the issue in the pending cause after his death without issue; that said court did not have jurisdiction over her in said cause; that said judgment was procured by fraud and that the same is therefore void and of no effect, and she prays judgment accordingly.

The court sustained a demurrer to the respective affirmative pleas, and the cause was submitted to a jury which returned a verdict for the defendant, on which the court rendered judgment. There was a motion for a new trial which was overruled.

Appellant presents as error the action of the court: (1) In overruling its demurrer to the first paragraph of answer, to the first paragraph of complaint; (2) in sustaining appellees' demurrer to the first paragraph of reply to the first paragraph of answer to the first paragraph of complaint; (3) in overruling its demurrer to the first paragraph of answer to the second paragraph of complaint; (4) in sustaining appellee's demurrer to

the first paragraph of reply to the first paragraph of answer to the second paragraph of complaint; (5) in overruling its motion for a new trial.

Appellant first contends that the demurrer to the first paragraph of answer to the first paragraph of complaint should have been sustained for the reason that

1. it does not show that the court in the former action had jurisdiction of appellant. But it does appear by the answer that the former action was in the circuit court which is a court of general jurisdiction and the presumption is that the court had jurisdiction until the contrary is made to appear. *Long* v. *Ruch* (1897), 148 Ind. 74, 79, 47 N. E. 156; *Soules* v. *Robinson* (1902), 158 Ind. 97, 99, 62 N. E. 999, 92 Am. St. 301; *Sinclair* v. *Gunzenhouse* (1912), 179 Ind. 78, 112, 98 N. E. 37, 100 N. E. 376.

Appellant says a suit to quiet title is conclusive only as to matters capable of being controverted at the time, and based on conditions then existing, and that

2. it cannot operate as an estoppel as to after occurring facts not involved in the suit and giving rise to new rights. But the claim which appellant now makes to the real estate involved, was capable of being controverted at the time of the former action. In that action the plaintiff, who was appellees' grantor, averred that he was the owner of the real estate in fee simple and that appellant was claiming some title or interest in the real estate adverse to the plaintiff's rights which claim was without right and unfounded. The action was in harmony with §1116 Burns 1914, §1070 R. S. 1881, and it was then incumbent upon appellant to set forth such interest as she then claimed and failing so to do she was thereafter forever barred. The decree quieting title to said land adjudged that the whole interest was absolutely in appellees' grantor and that every claim or interest, in whatever form or character, which

appellant at the time claimed to have therein was void. She now says by her reply that at said time she had no estate in said land which she could have set up. If she had no estate or claim or interest in said lands at said time, she can have none now except such as she might have subsequently acquired from some third party not a party to that action, and appellant makes no claim to that effect here.

Appellant says that it does not appear by the answer that the alleged judgment was not appealed from or reversed or that it was a final judgment. It is not

3. necessary that the answer should so show. This is a matter of reply. 1 Watson, Revision Works Prac. p. 447.

Appellant alleges in her reply that there was no service of summons upon her in the former suit, which was in the Rush Circuit Court, or that she ever exe-

4. cuted a waiver of process, or that she ever entered her appearance in said suit, and says that she did not know of the pendency of said suit until long after the alleged judgment was rendered. But as aforesaid the judgment was rendered by a circuit court which is a court of general jurisdiction and, since such judgment is regular upon its face, it is valid and binding until it is set aside or annulled in an action instituted for that purpose. Appellant cannot treat the judgment here involved as invalid until she has by some affirmative proceeding known to the law set it aside. *Owen County Council* v. *State, ex rel.* (1911), 175 Ind. 610, 95 N. E. 253; *Emerich* v. *Miller* (1902), 159 Ind. 317, 64 N. E. 28.

In the last case cited the court says on page 326 that appellant's "answer to the petition proceeds upon the theory that a party against whom a fraudulent judgment has been rendered, may ignore the judgment, though fair upon its face, for an indefinite period, and

successfully defeat the process of the court whenever put in operation against him, without any affirmative action on his part to have the judgment declared invalid.    Such is not the law."

There are no averments in the reply as to what, if anything, the record shows in said cause in the Rush Circuit Court as to the question of notice or service thereof or the appearance if any by appellant. Without such averments the reply is insufficient. *Exchange Bank* v. *Ault* (1885), 102 Ind. 322, 1 N. E. 562; *Cassady* v. *Miller* (1886), 106 Ind. 69, 71, 5 N. E. 713; *Baltimore, etc., R. Co.* v. *North* (1885), 103 Ind. 486, 492, 3 N. E. 144; *Long* v. *Ruch, supra; First National Bank* v. *Hanna* (1894), 12 Ind. App. 240, 39 N. E. 1054; *Denton* v. *Arnold* (1898), 151 Ind. 188, 196, 51 N. E. 240.

It appears by the said paragraph of reply that appellant sought to impeach and vacate the judgment in the former action by alleging facts not apparent on the face of the record but facts that are wholly dehors the record.    Such an attack is a collateral attack, and is not available to appellant for the purpose of impeaching in this action the judgment of the court in a prior action involving the same question.    *Reid* v. *Mitchell* (1884), 93 Ind. 469; *Walker* v. *Hill* (1887), 111 Ind. 223, 12 N. E. 387; *Lewis* v. *Rowland* (1892), 131 Ind. 103, 29 N. E. 922; *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 330, 67 N. E. 1018, 99 Am. St. 260.

But independent of the question of collateral attack, it appears by the record in this case that the former action was by George Hulley in the year 1907, at which time he obtained a judgment against appellant quieting his title to the real estate here involved, the record showing a waiver of process and appearance by appellant.    It is averred in the complaint

that George Hulley died without issue in the year 1912. Even if it were to be conceded that appellant's claim at the time of the former action was not available to her as a defense, her claim certainly matured in the year, 1912, when George Hulley died without issue. With knowledge of her rights at that time, as she must have had, she waited for seven years from the date of the death of George Hulley or twelve years from the date of the judgment which she now seeks to impeach, before bringing this action. It is not only incumbent upon her in this case that she must show that she has a meritorious defense to the former action which she was prevented from making, but she must also show that she has been guilty of no laches, and that she made application for relief without delay after the discovery. It must appear in her pleading that she made her application for relief without delay after the discovery of the judgment against her quieting title. *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 39 N. E. 1114, 24 L. R. A. 46, 46 Am. St. 402; *Majors, Exr.,* v. *Craig* (1896), 144 Ind. 39, 43 N. E. 3; *Fesler* v. *Brayton* (1896), 145 Ind. 71, 74, 44 N. E. 37, 32 L. R. A. 578; *Ryason* v. *Dumten* (1905), 164 Ind. 85, 94, 73 N. E. 74; *Shafer* v. *Shafer* (1914), 181 Ind. 244, 249, 104 N. E. 507.

It clearly appears from the foregoing that the court committed no error in sustaining the demurrer to the said paragraph of reply. What we have said with reference to the demurrer to the first paragraph of the answer to the first paragraph of complaint and with reference to the first paragraph of reply to the first paragraph of answer to the first paragraph of complaint disposes of the questions on other demurrers presented. The answers were each good; the replies were each bad, and the court committed no error in its rulings with reference thereto.

The court correctly instructed the jury to return a verdict for the defendant.

We find no error in the record.    The judgment is affirmed.